Hartford Accident and Indemnity Company appeals from a final judgment entered in favor of plaintiff Arleta H. Frerichs, after an ore tenus non-jury hearing in an action to determine whether an insurance contract provided coverage for decedent's injuries and death. We affirm.
The issue presented for our review is whether the findings of fact made by the trial court are so clearly and palpably wrong or without supporting evidence that they should not be sustained. Ford v. Alabama By-Products Corp., 392 So.2d 217
(Ala. 1980).
Hartford Accident and Indemnity Company admits that it issued a policy of insurance to the Morgan County Association of Volunteer Firefighters, insuring the life of *Page 961 
Elmer John Frerichs, a volunteer fireman, and providing for payment of medical expenses resulting from an accident. However, Hartford argues that the insurance policy did not insure the decedent against a fatal accident while going to or returning from regularly scheduled meetings of the fire department; that the language of the policy is clear and unambiguous; and therefore, that it is not necessary to construe the terms of the policy.
The policy defines the scope of coverage as follows:
"Definition of Injury And Scope of Coverage:
 "The term `injury' means bodily injury of a person resulting directly and independently of all other causes in loss from an accident which occurs while such person qualifies as an Insured Person and:
 "(a) with respect to a Class 1 Insured Person defined above, is actually on duty and;
 "(1) at a fire, going to or returning from a fire, at a fire drill, at a parade or at a test or trial of any firefighting apparatus; or
 "(2) participating in, or attending as a volunteer member of the Organization, (but not as a paid driver or employee) any other regularly approved, supervised activity of the Organization; or
 "(3) riding in or on Organization apparatus going to or returning from a fire drill, a parade, or a test or trial of any fire-fighting apparatus."
On March 20, 1980, Frerichs was fatally injured while returning home from a regularly scheduled business meeting of the Oden Ridge Fire Department (a member of the plaintiff organization). This activity is addressed by paragraph (a)(2) in the above policy language. Hartford contends that traveling to or from the regularly scheduled activity of the organization is not an activity covered by the "participating in or attending" language of the noted paragraph. However, several members of the Organization testified that a representative of the insurance company informed them that they would be covered under the defendant's policy while going to or returning from regularly scheduled activities of the organization. In addition, after Frerichs's death the representative of the insurance company expressed some doubt as to the extent of coverage, because of the language of the policy.
Whether a contract is ambiguous is a question of law for the trial court. Mass. Appraisal Services, Inc. v. Carmichael,404 So.2d 666 (Ala. 1981); Holt v. Davidson, 388 So.2d 548 (Ala. 1980). The lower court could have found the contract to be ambiguous. More than one reasonable interpretation of the language of the policy is possible. The policy clearly covers members while on duty when returning from a fire; thus, it is difficult to conceive how members could not be on duty when returning from a scheduled meeting. The terms "participating or attending" can conceivably include driving to and returning from a meeting.
Once the court concludes the instrument is ambiguous or uncertain in any respect, determination of the true meaning of the contract is a question for the fact-finder, in this case the trial court. The surrounding circumstances, including the construction placed on the language by the parties, are taken into consideration in order to ascertain the intention of the parties. City of Montgomery v. Maull, 344 So.2d 492 (Ala. 1977).
After reviewing the insurance policy and reviewing the record in its entirety, we hold that the trial court could have found the policy to be ambiguous and could have found supporting evidence indicating that the policy covers Frerichs's injuries and death while returning from a business meeting. From testimony of the plaintiffs, it is apparent that members of the organization desired coverage while going to or from regularly scheduled meetings and expected that such coverage would be provided, since an agent for the defendant insurance company represented to the members that such activity would be covered. We find that the record of evidence amply supports *Page 962 
the trial court's findings. Accordingly, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.