This case involves the interpretation of a divorce decree and modification of child support.
After an ore tenus hearing, the trial court interpreted a decree of divorce adverse to the husband. Additionally, the trial court refused to modify the child support that the husband was required to pay.
The husband appeals, and we affirm.
The record in pertinent part reveals the following. The husband and wife were divorced on September 5, 1980. The wife was awarded custody of the parties' two minor children. The divorce decree incorporated an agreement between the parties which provided that the husband was to pay $400 per month child support and "$1,200.00 per month alimony until the youngest child reaches the age of majority."
On September 11, 1984, the wife filed a petition for rulenisi, alleging that the husband was in arrears in the payments due under the divorce decree for child support, alimony, and medical expenses. The husband counterclaimed for a modification of *Page 391 
the divorce decree to terminate his obligation to pay $1,200 per month as alimony due to the wife's remarriage and to reduce the amount of the child support payments due to a decrease in his income.
The trial court concluded that the provision in the divorce agreement which required the husband to pay the wife $1,200 per month as "alimony" was, in fact, a provision for the payment of $1,200 per month as child support, not alimony. The court, therefore, refused to terminate said payments due to the wife's remarriage. It further refused to decrease the amount of the child support payments due to an alleged decrease in the husband's income.
On appeal the husband renews his argument that the $1,200 monthly payments due under the divorce decree are periodic alimony payments which should terminate upon the wife's remarriage. The husband argues that the trial court erred in determining said payments to be child support and in refusing to terminate them. He also argues that the trial court erred in concluding that the divorce agreement was ambiguous as to the nature of the $1,200 monthly payments and in allowing the admission of parol evidence to aid in interpreting the agreement. We disagree.
It is a well-known principle that whether a contract is ambiguous is a question of law for the trial court. HartfordAccident and Indemnity Co. v. Morgan County Association ofVolunteer Fire-fighters, 454 So.2d 960 (Ala. 1984). It is also a widely recognized rule that, when a contract is found to be ambiguous, the trial court may allow the admission of extrinsic or parol evidence to aid in its interpretation. Coosa ValleyYouth Services Corp. v. Etowah County, 460 So.2d 1232 (Ala. 1984). The surrounding circumstances, including the construction placed on the language by the parties, can then be taken into consideration by a court to ascertain the intention of the parties. Hartford, 454 So.2d at 961; Rivers v. OakwoodCollege, 442 So.2d 74 (Ala. 1983); Mass. Appraisal Services,Inc. v. Carmichael, 404 So.2d 666 (Ala. 1981).
We find that the trial court was well justified in this case in concluding that the provision in the divorce agreement regarding the $1,200 monthly payments was ambiguous and, therefore, was subject to interpretation through the aid of parol evidence of the parties' negotiations with regard to the agreement.
As already noted, the agreement required the husband to pay the wife "the sum of $1,200.00 per month alimony until the youngest child reaches the age of majority. . . ." The restriction on the termination of the payments was reiterated in the agreement: "Alimony payments shall not terminate for any reason until the youngest child reaches the age of majority."
Such language supports a conclusion that the $1,200 monthly payments could have been intended by the parties to be child support. Since the payments were designated as "alimony," however, there was clearly a conflict or ambiguity in the agreement regarding the true nature of the payments. The trial court did not err in admitting parol testimony to resolve this ambiguity.
The evidence further supports the trial court's conclusion that the $1,200 monthly payments were, in fact, child support which should not terminate upon the wife's remarriage. In addition to the provision in the divorce agreement itself that said payments would only terminate when the youngest child reached the age of majority, there was evidence that the husband had in fact treated the payments as child support by continuing to make said payments for two years following the wife's remarriage. Further, there was testimony from which the trial court could conclude that the $1,200 payments had been denominated as "alimony" in the divorce agreement solely for income tax purposes.
When the trial court has been presented evidence in a divorce case ore tenus, its judgment will be presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong or *Page 392 
unjust. Golson v. Golson, 471 So.2d 426 (Ala.Civ.App. 1985);Stricklin v. Stricklin, 456 So.2d 809 (Ala.Civ.App. 1984). In view of the evidence noted above, we cannot say that the trial court erred in concluding that the $1,200 monthly payments were child support, rather than alimony. Needless to say, the trial court also did not err in refusing to terminate said child support payments due to the wife's remarriage.
The husband's final argument is that the trial court erred in failing to modify the child support he was ordered to pay under the divorce decree. The husband complains that the substantial change in his income warranted a reduction in his child support obligations and that the trial court was in error for failing to so modify the decree. We disagree.
It is well settled that the determination of the amount of child support rests within the sound discretion of the trial court. Hall v. Hall, 391 So.2d 122 (Ala.Civ.App. 1980). The denial by the trial court of a modification of child support will not be reversed on appeal unless this discretion is abused. Banks v. Spurlock, 470 So.2d 1300 (Ala.Civ.App. 1985).
The husband contends that the trial court abused its discretion in failing to modify his monthly child support obligation of $1,600 in light of the decrease in his income to $1,500 per month. This court has held, however, that an award which exceeds a husband's stated income does not automatically amount to an abuse of the trial court's discretion. Ebert v.Ebert, 469 So.2d 615 (Ala.Civ.App. 1985); Hurd v. Hurd,397 So.2d 133 (Ala.Civ.App. 1980).
As the wife notes, the consideration of the husband's ability to earn, as opposed to his actual earnings, is a proper factor for the trial court to consider in determining whether to terminate, increase, or reduce the amount of the child support award in modification proceedings. Ebert, 469 So.2d at 618;Prentice v. Prentice, 440 So.2d 1091 (Ala.Civ.App. 1983). The trial court was presented evidence that the husband is a medical doctor who has had a steady income ranging from $60,000 in 1980 to $72,000 in 1983.
There was also evidence that the husband, despite his claim to have suffered a decrease in his income in recent months, had purchased two parcels of real estate during the same time period. Such evidence tends to conflict with the husband's testimony as to his decreased income. It was for the trial court, not this court, to resolve that conflict. See Flowers v.Flowers, 479 So.2d 1257 (Ala.Civ.App. 1985).
We cannot say that the trial court, having been presented the evidence ore tenus, was so plainly or palpably wrong in refusing to decrease the amount of the child support payments as to constitute an abuse of that court's discretion. Porter v.Porter, 477 So.2d 433 (Ala.Civ.App. 1985).
For the foregoing reasons, this case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.