This is a breach of contract case. Defendant-appellee, Continental Telephone Company of the South (hereinafter "Continental"), entered into a construction contract with Alan Holland and Mitchell Gay on November 18, 1981. Alan Holland, Nancy Holland, and Mitchell Gay were partners in the operation of Southland Contracting Company (hereinafter "Southland"). Pursuant to the contract, Southland agreed to perform certain construction work for Continental and Continental agreed to pay Southland for this work.
In 1983, Holland and Gay made arrangements to dissolve their partnership. In order to provide for the repayment of a loan made to the partnership by First National Bank (now AmSouth Bank of the South), Gay and Alan Holland sent a letter to Continental in February 1983, requesting that Continental make future invoice payments jointly payable to the partnership and First National Bank. Alan Holland stated in an affidavit that agents of Continental agreed *Page 999 
to the change in making payments. On March 17, 1983, Continental issued a check payable to Southland and First National Bank. However, subsequent checks were made payable only to Southland.
The Hollands filed suit against Gay and Continental in the Circuit Court of Chilton County on August 20, 1984. By amended complaint, the Hollands alleged that Gay converted to his personal use the subsequent payments made by Continental and that Continental's failure to make the checks payable to Southland and First National Bank, jointly, constituted an intentional or negligent breach of the Southland-Continental contract as allegedly modified by the February letter.
Continental filed a motion for summary judgment on March 1, 1985, and the motion was granted by the trial court on June 19, 1985. The Hollands appeal.
The issue presented in this case is whether the trial court erred by granting summary judgment in favor of Continental. We hold that the trial court did not err, and we affirm its judgment.
Our focus in this case is upon the February letter sent to Continental by Southland. The letter reads in pertinent part:
 [W]e have a note at the First National Bank in Homewood, Alabama, and it is in the name of the joint venture. The funds that will be used to pay this note will come from the outstanding invoices to Continental Telephone Co.
 We would like to have the checks for invoices # 118 through # 126 made out to Southland and Partners and First National Bank. This will allow us to dissolve the joint venture prior to the complete payment of the bank note. . . . This does not constitute any binding agreement, it is simply to assure the bank that Continental can and will fill our request.
The Hollands argue that the above letter and the approval of the request therein by Continental constituted a modification of the original construction contract, which provided for payments to Southland only. On the other hand, Continental contends that the language of the February letter "This does not constitute any binding agreement," clearly reflects no mutual assent between the parties to modify their original agreement. Continental asserts that without mutual assent, the alleged modification did not occur and it had no binding contractual duty to make its payments to Southland and First National Bank jointly.
In order to modify a contract, the parties must mutually assent to the new terms. Kinmon v. J.P. King Auction Co.,290 Ala. 323, 276 So.2d 569 (1973); Wiregrass Const. Co. v.Tallapoosa River Electric Coop., 365 So.2d 95 (Ala.Civ.App. 1978). The party claiming that a modification occurred must show that the new terms were mutually agreed to. WiregrassConst. Co. v. Tallapoosa River Electric Coop., supra.
Additionally, as we reiterated in Colonial Bank of Alabama v.Coker, 482 So.2d 286, 291 (Ala. 1985):
 In Alabama, when the terms of a contract are unambiguous, the contract's construction and legal effect become a question of law for the court, and when appropriate may be decided by summary judgment. Jehle-Slauson Construction Co. v. Hood-Rich, Architects and Consulting Engineers, 435 So.2d 716, 720 (Ala. 1983) (citations omitted). However, when the terms of a contract are ambiguous in any respect, the determination of the true meaning of the contract is a question of fact for the jury. Hall v. Integon Life Ins. Co., 454 So.2d 1338 (Ala. 1984). Whether a contract is ambiguous is a question of law for the court. Hartford [Acc. Indem. Co. v. Morgan County Ass'n, 454 So.2d 960 (Ala. 1984)] supra.
In the instant case, the alleged modification of the original construction contract, evidenced by the subsequent letter, unambiguously states that "[t]his does not constitute any binding agreement." The legal effect of the language was a question of law for the trial court.
The language of the letter negates any intent by Southland to create a legal obligation *Page 1000 
different from the obligations arising from the original agreement between the parties. The creation of new and different legal obligations by the alleged modification was expressly excluded by the language of that alleged modification, and the trial court correctly respected the intention expressed therein. Professor Williston writes:
 [I]f the parties to an agreement undertake that no legal obligation shall be created, their undertaking in this regard will be respected by the law, as would any other term of their agreement, provided neither the agreement nor the stipulation itself is illegal.
1 S. Williston, A Treatise on the Law of Contracts § 21 (3d ed. 1957).
Alan Holland stated in an affidavit in opposition to summary judgment that he intended that the letter modify the original agreement with Continental without creating an assignment of Southland's rights under the original agreement to First National Bank. The Hollands assert that this evidence is sufficient to preclude summary judgment. As stated in Mayo v.Andress, 373 So.2d 620, 623-24 (Ala. 1979):
 [I]n the absence of mistake, fraud or ambiguity, the existence vel non of a contract, or as here, a promise made part of a contract, is determined by reference to the reasonable meaning of the parties' external and objective manifestations of mutual assent, rather than by their uncommunicated beliefs. Johnson v. Boggan, 56 Ala. App. 668, 325 So.2d 178
(1975), Williston on Contracts, 3d ed. § 22, 1536.
The actions of the parties, particularly Alan Holland's actions in writing the letter he now says was a modification, reflects an external, objective manifestation of an intent that there be no modification. Any uncommunicated beliefs cannot control. Therefore, the defendant's summary judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.
MADDOX, ALMON and BEATTY, JJ., dissent.