861 F.2d 680
 50 Ed. Law Rep. 86
 Albert E. LASSITER, Plaintiff-Appellant,
v.
Douglas COVINGTON, Individually and in his official capacity
as President of Alabama Agricultural and Mechanical
University; and The Board of Trustees of the Alabama
Agricultural and Mechanical University, etc.; W. Troy
Massey, etc., et al., Defendants-Appellees.
 No. 88-7073.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 8, 1988.
 
 Susan Williams Reeves, Birmingham, Ala., for plaintiff-appellant.
 John C. Falkenberry, Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before RONEY, Chief Judge, JOHNSON and SMITH*, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge:
 
 
 1
 In this civil rights case, the United States District Court for the Northern District of Alabama, in an order dated December 31, 1987, granted defendants-appellees' (Covington) motion for summary judgment and entered final judgment against Albert E. Lassiter (Lassiter). We reverse that judgment and remand this case to that court for further proceedings.
 
 Issue
 
 2
 The principal issue on appeal is whether the district court erred by entering summary judgment based upon its conclusion that the relevant undisputed material facts clearly established that Lassiter enjoyed neither a property interest nor a liberty interest which entitled him to due process of law in connection with Covington's termination of his employment as vice president for Business and Finance at Alabama Agricultural & Mechanical University (Alabama A & M).
 
 Background
 
 3
 Although many of the facts are disputed, the following facts are not contested. Lassiter was the director of Public Accounts for the State of Mississippi. In 1985, Covington recruited Lassiter to leave his position with the State of Mississippi and to come to Huntsville, Alabama, to serve as vice president for Business and Finance at Alabama A & M. Lassiter accepted.
 
 
 4
 Upon commencing his employment, on April 25, 1985, Lassiter executed with Alabama A & M a document entitled Official Announcement of Appointment and Contract. Pursuant to this agreement, Lassiter was employed by Alabama A & M. In June 1986, Lassiter was notified of his termination from his position. Subsequently, on June 26, 1986, the "Executive Committee" of the Board of Trustees for Alabama A & M voted to relieve Lassiter from his duties as vice president.
 
 
 5
 Lassiter brought action in district court challenging his termination. Lassiter asserted theories of relief based on the Constitution,[1] based on racial discrimination,[2] and based on a pendent state law claim for breach of contract. Covington answered, denying the material allegations of the complaint and asserting a counterclaim against Lassiter. At the time the district court entered summary judgment, the remaining claims at issue were Lassiter's constitutional theories and Lassiter's state law claim for breach of contract.
 
 
 6
 For the reasons set forth below, we hold that the district court erred, as a matter of law, by entering summary judgment in this case. The record presents genuine issues of material fact underlying the legal questions whether Lassiter enjoyed under the Constitution a property interest and/or a liberty interest in his position at Alabama A & M.
 
 Analysis
 
 7
 In reviewing whether the district court correctly entered summary judgment against Lassiter, we apply the same legal standard as that applied by the trial court in determining whether summary judgment was appropriate.[3] Summary judgment may be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] For summary judgment to be appropriate, "the requirement is that there be no genuine issue of material fact."[5] (Emphasis in original.) With this standard in mind, we turn to the particulars of the appeal before us.
 
 
 8
 To sustain his claim for relief under 42 U.S.C. Sec. 1983, Lassiter has the burden of establishing at least two requisite elements: (1) Covington's conduct was under the color of state law and (2) Covington's conduct caused a deprivation of Lassiter's constitutional rights without due process of law.[6] In this case, Lassiter alleged that Covington's conduct deprived him of a property interest and of a liberty interest under the Constitution.
 
 A. Property Interest
 
 9
 Lassiter's alleged property interest is based upon his continued employment at Alabama A & M. A public employee enjoys a property interest in his employment only if he has an expectation of continued employment created by legislation, contract, or policy.[7] Lassiter cites both a contract and an employment policy rising to the level of a contract as sources of his property interest. The existence, scope, and effect of an alleged contract or employment policy is governed by state law.
 
 
 10
 1. Employment Contract as a Basis for a Property Interest.
 
 
 11
 The Official Announcement of Appointment and Contract, signed in April 1985 by both Covington and Lassiter, included the following provisions:
 
 
 12
 The President of the University is appointing you as designated above [vice president for Business and Finance], subject to approval of the University Board of Trustees and governed by policies, procedures, regulations and standards recorded in official University policies and procedures publications, for the period from May 1, 1985 to September 30, 1985, or for such portion of the period as your services are found satisfactory, and as the finances of the University permit, at an annual salary of * * *.
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 Lassiter relies on this employment contract as providing a property interest in his continued employment with Alabama A & M, which interest entitled him to due process of law.
 
 
 16
 In construing a contract, the initial question is to determine, as a matter of law, whether the contract is ambiguous.[8] If the contract is determined to be ambiguous, then its interpretation is a question of fact for the jury.[9] In that case, the jury must ascertain the intent of the parties by considering extrinsic evidence probative of the circumstances surrounding the execution of the contract by the parties.[10] In the alternative, if the contract is determined not to be ambiguous, then its interpretation is a matter of law for the court, and reference to extrinsic evidence is not required.[11]
 
 
 17
 Here, the language of the April 25, 1985, document is ambiguous. The ambiguity centers on the phrase "would be extended, through our mutual agreement, on October 1, 1985," and particularly on the words "would be" contained in the contract addendum noted by an asterisk. The interpretation of that phrase provides a genuine issue of material fact concerning the parties' intent that must be resolved by the jury. Lassiter contends that the parties initially intended the contract to extend from May 15, 1985, to October 1, 1986. Covington maintains that this was a 4-month contract ending on September 30, 1985, and not a year thereafter on October 1, 1986.
 
 
 18
 Justice Holmes said that "[a] word * * * is the skin of a living thought."[12] Unlike beauty, a thought, therefore intent, is more than skin deep, and here one must penetrate the epidermal "would" in order to determine the substance of its flesh. Whether the parties actually intended "is" or "will" or some other declension more certain, or at least less ambiguous, is a question of fact material to resolution of the contractual dispute. One need only glance at the hundreds of words devoted by Webster to the meaning of "will" and "would" to realize that the language used by the parties here does not unambiguously express their intent.
 
 
 19
 If the jury determines that Lassiter was under contract at the time of his termination in July 1986, Lassiter may enjoy a property interest in his continued employment. On the other hand, if the jury determines that Lassiter was not under contract at that time, Lassiter may be deemed an employee-at-will and, as a result, may not enjoy a property interest based on the employment contract. Summary judgment simply was not appropriate.
 
 
 20
 2. Personnel Policy Manual as Creating a Property Interest.
 
 
 21
 Notwithstanding that a formal employment contract does not exist, a personnel policy manual issued by the employer may provide the employee an independent basis for a property interest in his continued employment. The Alabama Supreme Court, in Hoffman-La Roche, Inc. v. Campbell, expressly recognized that a policy contained in an employee manual issued to an employee may become a binding contract once it is accepted by the employee through his continuing to work when he is not required to do so.[13] If such a contract is determined to exist, it may provide the employee with an expectation of continued employment by restricting the employer's ability to exercise his powers to terminate the employment relationship.[14] Such a contractual relationship may provide the employee with a property interest sufficient to require his employer to give him a hearing when the employment relationship is terminated.
 
 
 22
 To determine whether a policy contained in an employee handbook is sufficient to constitute an offer to create a binding contract between the employer and the employee, the Alabama Supreme Court set forth a three prong test.[15]
 
 
 23
 First, the language contained in the handbook must be examined to see if it is specific enough to constitute an offer. Second, the offer must have been communicated to the employee by issuance of the handbook, or otherwise. Third, the employee must have accepted the offer by retaining employment after he has become generally aware of the offer. His actual performance supplies the necessary consideration.
 
 
 24
 Although the ultimate determination pursuant to the Hoffman-La Roche analysis is a matter of law,[16] the facts underlying that legal conclusion may be in dispute, thus requiring resolution by the factfinder.[17]
 
 
 25
 Here, Alabama A & M does provide its employees with an employee handbook. Lassiter relies on certain provisions contained in this handbook as providing him with a property interest in his continued employment. Covington's position is that the Alabama A & M employee handbook does not apply to Lassiter and that, even if it does, the specific policy provisions contained in the handbook do not provide Lassiter with a property interest. Genuine issues of material fact exist in the record under the Hoffman-La Roche analysis as applied to this case; accordingly, summary judgment was not appropriate.
 
 B. Liberty Interest
 
 26
 The district court also concluded that summary judgment was warranted against Lassiter on his claim of a liberty interest. We do not agree.
 
 
 27
 To establish a liberty interest, Lassiter "must first establish that his termination was attended by stigmatizing charges which 'might seriously damage his standing and associations in his community' or foreclose 'his freedom to take advantage of other employment opportunities.' "[18] These stigmatizing charges must have been publicly disclosed.[19] Without these showings, Lassiter's "mere discharge--whether for no reason or for permissible reasons--[would] not implicate the due process requirements of the fourteenth amendment."[20]
 
 
 28
 After a careful review of the record, and in view of the arguments presented on appeal, we hold that, in this case, summary judgment on this issue was not appropriate. The record reveals that questions of material fact exist as to whether the charges against Lassiter were of a stigmatizing nature and were publicly disclosed. If the jury determines that the charges against Lassiter were both stigmatizing and publicly disclosed, then Lassiter may enjoy a liberty interest which entitles him to due process of the law. However, if the jury fails to find either one of these two principal elements, Lassiter may not enjoy a protected liberty interest.
 
 Conclusion
 
 29
 For the reasons discussed, the district court's grant of summary judgment against Lassiter on grounds that he did not enjoy either a property interest or a liberty interest which entitled him to due process of law is reversed and this proceeding is remanded for trial. In addition, what we have stated in concluding that the record contains genuine issues of material fact as to Lassiter's enjoyment of a property interest under the Constitution also applies to Lassiter's state law claims for breach of contract. Accordingly, those claims shall proceed to trial as well.
 
 
 30
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 42 U.S.C. Sec. 1983 (1982)
 
 
 [2]
 42 U.S.C. Sec. 1981 (1982)
 
 
 [3]
 Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368 (11th Cir.1982)
 
 
 [4]
 Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-26, 106 S.Ct. 2548, 2552-55, 91 L.Ed.2d 265 (1986)
 
 
 [5]
 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)
 
 
 [6]
 See Flagg Bros. v. Brooks, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978)
 
 
 [7]
 See Board of Regents v. Roth, 408 U.S. 564, 577-78, 92 S.Ct. 2701, 2709-10, 33 L.Ed.2d 548 (1972)
 
 
 *
 This appointment and contract, which commence on May 15, 1985 and extend through September 30, 1985 (the end of the current fiscal year), would be extended, through our mutual agreement, on October 1, 1985.
 
 
 [8]
 See Johnson v. Cervera, 508 So.2d 257, 258 (Ala.1987)
 
 
 [9]
 See Hartford Accident & Indemnity Co. v. Morgan County Ass'n of Volunteer Firefighters, 454 So.2d 960, 961 (Ala.1984)
 
 
 [10]
 Id
 
 
 [11]
 See Black v. Glass, 438 So.2d 1359, 1367 (Ala.1983)
 
 
 [12]
 Towne v. Eisner, 245 U.S. 418, 425, 38 S.Ct. 158, 159, 62 L.Ed. 372 (1918)
 
 
 [13]
 See Hoffman-La Roche, Inc. v. Campbell, 512 So.2d 725, 733 (Ala.1987)
 
 
 [14]
 For a comprehensive discussion of this principle, see id. at 728-33, and cases cited therein
 
 
 [15]
 Id. at 735
 
 
 [16]
 Id
 
 
 [17]
 See, e.g., Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 304 (Ala.1986)
 
 
 [18]
 Clemons, 684 F.2d at 1371 (quoting Dennis v. S. & S. Consolidated Rural High School Dist., 577 F.2d 338, 342-43 (5th Cir.1978)
 
 
 [19]
 Clemons, 684 F.2d at 1373
 
 
 [20]
 Id. at 1371