PER CURIAM.
This case involves the interpretation of an alimony and child support provision of a divorce decree.
After an ore tenus hearing the trial court interpreted an alimony and child support provision adversely to the father. Additionally, the trial court found the father in arrears in child support in the amount of $14,508.24, plus interest.
The father appeals, and we affirm.
The record in pertinent part reveals the following: The parties were divorced in 1983 by consent decree. Included therein was a provision for the annual recalculation of child support and alimony based on the father’s earnings for the previous year. In 1987 the mother instituted this action, contending that the father was not properly calculating the amount of support that he was to pay according to the divorce decree.
The provision in question states that the father’s aggregate alimony and child support obligation shall be “equal to twenty-five percent (25%) of [his] net income after taxes” subject to specified minimum and maximum payments.
The father contends that “net income after taxes” is determined by subtracting *490 deductions, adjustments, and exemptions from gross income to arrive at a figure that is denominated “net income” and then subtracting the taxes paid. The mother contends, however, that “net income after taxes” is calculated by subtracting from gross income only the taxes paid by the father.
As noted above, the trial court held adversely to the father and specifically concluded that “it was the intent of the parties, as expressed in their agreement ... [that the father] was to calculate his alimony and child support obligation by deducting only taxes mandated by law from his gross income and use a twenty-five percent (25%) multiplier limited by the minimum and maximum provision of [the divorce decree].”
On appeal the father argues that the trial court erred in its interpretation of the provision in question. We disagree. We note that the father does not contend that the provision of this agreement is unambiguous.
It is a well-known principle that whether a contract is ambiguous is a question of law for the trial court. Lammons v. Lam-mons, 481 So.2d 390 (Ala.Civ.App.1985). It is also a widely recognized rule that, when a contract is found to be ambiguous, the trial court may allow the admission of extrinsic or parol evidence to aid in its interpretation. Lammons, 481 So.2d 390. The surrounding circumstances, including the construction placed on the language by the parties, can be taken into consideration by a court to ascertain the intention of the parties. Lammons, 481 So.2d 390.
We find that the trial court was well justified in, this case in concluding that the provision in question here was ambiguous and was, therefore, subject to interpretation through the aid of parol evidence of the parties’ negotiations with regard to the agreement. Further, as the evidence here was presented ore tenus, the interpretation made by the trial court of the ambiguous provision is accorded a heavy presumption of correctness, and we will not disturb it unless it is palpably erroneous. Lammons, 481 So.2d 390.
Suffice it to say that we have carefully reviewed the record and we cannot say that the trial court erred in its interpretation of the alimony and child support provision.
We do point out, however, that, although not argued by the father on appeal, the father’s interpretation of net income is the same as the definition used for income tax purpose. Ala.Code (1975), § 40-18-12 (1985 Repl.Vol.). However, it appears to this court that to adopt such a definition and apply it in this instance to a child support provision would be, in effect, placing the children’s needs at the mercy of all of the father’s taxable deductions, adjustments, and exemptions and possibly keeping the children from receiving the benefits to which they are entitled.
Nevertheless, as noted above, we cannot say that the trial court erred in its interpretation of the alimony and child support provision.
The mother’s request for attorney fees is granted in the amount of $500.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.
INGRAM, J., dissents.