The parties were divorced in February 1981. The judgment of divorce, ratifying an agreement of the parties, contained the following pertinent provisions:
 "4. The homeplace of the parties located at 119 Lake Street, Trussville, Alabama, shall remain in both the plaintiff's and defendant's names and if ever sold, destroyed by fire or windstorm, etc., then after the necessary expenses of sale, the net proceeds shall be divided equally.
 "5. Defendant shall see that [the] house is insured in both the plaintiff's and defendant's names for fair market value and defendant shall pay all taxes due each year."
The husband was awarded the custody of the two minor daughters and the wife was awarded the custody of the minor son. There were no provisions in the decree concerning alimony or child support, possession of the home, or payment of the mortgage on it. However, the husband has had possession of the home and has paid the mortgage since the decree. The children have all reached their majority and are no longer living with or dependent upon the parties.
In September 1989 the wife brought an action in the Circuit Court of Jefferson County for the sale of the marital home and division of proceeds pursuant to the provisions of § 35-6-20, Code 1975. Following an evidentiary hearing, the court found that the property could not be equitably divided and ordered a sale for division of the proceeds. The court gave the husband a credit for past mortgage payments and gave the parties an opportunity to submit a proposal to purchase the property. The husband appeals.
The husband contends that the trial court was without jurisdiction to order a sale and division of the property. He asserts that the 1981 divorce decree and the acquiescence of the wife in his possession of the property vested him with the equivalent of a life estate as part and portion of a property settlement, and therefore was not subject to modification. The wife contends that the 1981 decree contains an ambiguity concerning the disposal of the marital home and that the trial court's clarification of that ambiguity was proper.
A decree of divorce is to be interpreted or construed like other written instruments. Fox v. Dick, 389 So.2d 940
(Ala.Civ.App. 1980). Whether an agreement is ambiguous is a question of law to be determined by the trial court. Croft v. Croft,513 So.2d 630 (Ala.Civ.App. 1987). Once the trial court determines that the terms of an agreement are doubtful or ambiguous, it may allow parol evidence to determine the intention of the parties. Lammons v. Lammons, 481 So.2d 390
(Ala.Civ.App. 1985). The terms of the agreement may be shown to be ambiguous or of doubtful character by a proffer of evidence that the parties have accorded different interpretations to or have acted inconsistently under it. Cain v. Cain, 452 So.2d 874
(Ala.Civ.App. 1984), overruled on other grounds, Ex parteBayliss, 550 So.2d 986 (Ala. 1989).
The court determined there was a conflict in the intent of the parties concerning the disposition of the marital home. It *Page 1351 
was, therefore, the duty of the court to resolve that conflict. The interpretation made by the trial court of the ambiguous provision is accorded a heavy presumption of correctness and will not be disturbed unless it is palpably erroneous.Patterson v. Laney, 549 So.2d 489 (Ala.Civ.App. 1989).
The record reveals that both parties agreed that the husband would retain possession of the home until the younger daughter left home. The wife understood that once the daughter left home the property could be sold at either party's request. The husband understood the agreement to mean that both parties would have to agree to a sale of the property before it could be sold and that he would have the unrestricted right to possession. The wife was represented by an attorney, who filed the complaint and obtained the final order of divorce. The husband was not represented by an attorney. The parties never discussed the disposition of the home with each other or with the attorney.
Our review of the record evidences a conflict in the intent of the parties concerning the disposition of the marital home. The trial court's interpretation of this ambiguity is supported by the evidence and cannot be said to be palpably erroneous.
The husband asserts that the trial court erred in ordering the property sold and the proceeds divided, because, he says, such order erroneously severed a joint tenancy with right of survivorship without his consent. In view of the common-law rule of destructibility of joint tenancies, Nunn v. Keith,289 Ala. 518, 268 So.2d 792 (1972), and the statutory procedure for partition or sale for division, §§ 35-6-1 to -126, we find no reason to require the consent of the parties in this action for division. Bringhurst v. Hardin, 387 So.2d 186 (Ala. 1980).
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.