This employee termination case originated when Wayne Davis filed a complaint in the trial court, alleging that he was a member of the staff at the University of Montevallo (Montevallo) and that Montevallo and John Stewart, President of Montevallo, terminated his employment without just cause, thereby, he claims, breaching his employment contract and violating his rights under the Alabama Constitution. Davis also alleged that Montevallo and Stewart were estopped from terminating his employment and that Stewart violated his property rights under 42 U.S.C. § 1983. Judgment was demanded against Montevallo for equitable relief and against Stewart for compensatory and punitive damages. An award of Davis's job, benefits, and seniority and any and all further relief was also requested. Montevallo and Stewart filed a motion to dismiss, claiming that the action is barred by article I, § 14, of the Alabama Constitution of 1901 and by the doctrine of discretionary immunity and that the complaint fails to state a claim on which relief can be granted. The trial court granted the motion to dismiss, and Davis appeals. We reverse and remand.
The dispositive issue is whether dismissal was proper.
We note at the outset that a motion to dismiss is proper only when it appears beyond a doubt that there is no set of facts supporting the claim of the plaintiff that would entitle him or her to relief. Stark v. Troy State University, 514 So.2d 46
(Ala. 1987). We do not consider whether the plaintiff will ultimately prevail, only whether he may possibly prevail.Fontenot v. Bramlett, 470 So.2d 669 (Ala. 1985).
Among the several issues presented is Davis's contention that he has been deprived of a property right under color of state law under 42 U.S.C. § 1983. He cites an employment policy, which he says rises to the level of a contract, as the source of his property interest. The threshold question to be considered as to this issue is whether Davis was under contract at the time of his alleged termination. If he was under contract, it is possible that he may have a property interest in his continued employment, Lassiter v. Covington,861 F.2d 680 (11th Cir. 1988), and if so, he may properly have stated a claim for which relief could be granted, and he may possibly prevail.
As the court stated in Lassiter:
 "Notwithstanding that a formal employment contract does not exist, a personnel policy manual issued by the employer may provide the employee an independent basis for a property interest in his continued employment. The Alabama Supreme Court, in Hoffman-La Roche, Inc. v. Campbell, [512 So.2d 725, 733 (Ala. 1987),] expressly recognized that a policy contained in an employee manual issued to an employee may become a binding contract once it is accepted by the employee through his continuing to work when he is not required to do so. If such a contract is determined to exist, it may provide the employee with an expectation of continued employment *Page 29 by restricting the employer's ability to exercise his powers to terminate the employment relationship. Such a contractual relationship may provide the employee with a property interest sufficient to require his employer to give him a hearing when the employment relationship is terminated.
 "To determine whether a policy contained in an employee handbook is sufficient to constitute an offer to create a binding contract between the employer and the employee, the Alabama Supreme Court set forth a three prong test.
 " 'First, the language contained in the handbook must be examined to see if it is specific enough to constitute an offer. Second, the offer must have been communicated to the employee by issuance of the handbook, or otherwise. Third, the employee must have accepted the offer by retaining employment after he has become generally aware of the offer. His actual performance supplies the necessary consideration.'
 Although the ultimate determination pursuant to the Hoffman-La Roche analysis is a matter of law, the facts underlying that legal conclusion may be in dispute, thus requiring resolution by the factfinder."
861 F.2d at 684 (emphasis supplied).
We are unable to determine from the record whether such a property interest was created by the alleged contract with Montevallo. Therefore, applying the standard of review for a motion to dismiss, we find that it does not appear beyond a doubt that there is no set of facts which could entitle Davis to relief. Davis's allegation that he was deprived of a property right entitles him to have the opportunity to present evidence to the trial court to substantiate his claim. We have no alternative other than to reverse and remand.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.