L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1990. The judgment of divorce, ratifying an agreement of the parties, contained the following pertinent provision:
“5. ALIMONY
“The parties have agreed that simultaneously with the execution of this Agreement, they in their individual capacities and or as officers and directors of Gadsden Health Care Center, Inc. shab execute a mutually agreed upon employment contract and shareholders agreement which shall contain provisions regarding the terms and conditions under which the [wife] shab continue her employment with Gadsden Health Care Center, Inc. and its successor company, if any. Therefore, in rebanee upon the execution of the above employment-related documents, the parties agree that there shall be no provision made as to the award of periodic alimony. The parties further agree that in addition to the compensation provisions provided for in the employment contract referenced above, the [husband] in his capacity as an officer and director of Gadsden Health Care Center, Inc. wib vote to provide to the [wife] a continuing annual bonus of TWELVE THOUSAND DOLLARS AND NO/100 ($12,000.00) upon condition that Gadsden Health Care Center, Inc. has a profit of at least ONE HUNDRED THOUSAND DOLLARS AND NO/100 ($100,000.00) at the close of each of its fiscal years.”
Gadsden Health Care Center, Inc., is a business owned by the husband. The wife worked there as an administrator and in the dietary department for approximately 19 years prior to the divorce. The employment agreement provided that she would continue to be employed by Gadsden Health Care and would continue to draw her salary. It further provided that she would be entitled to receive a yearly bonus of $12,000 if the corporation earned more than a $100,000 profit. It provided that the wife “may terminate this agreement upon ninety (90) days’ written notice to [Gadsden Health Care Center] and all obbgations of the parties under this agreement, except accrued but unpaid compensation owing by [Gadsden Health Care Center] to [the wife], shab cease and this agreement shab terminate forthwith.”
The wife resigned from her position at Gadsden Health Care Center approximately six months following the execution of the employment agreement and the entry of the final judgment of divorce. It is undisputed that she has not been paid the $12,000 annual bonus since she resigned her position. The husband contends that the wife’s entitlement to the bonus was premised on her continued employment with Gadsden Health Care Center. He alternately asserts that it was periodic alimony and, as such, should have ceased upon the wife’s remarriage. The wife contends that the $12,000 yearly bonus was a property settlement and not contingent upon her employment or upon her remarriage.
Following oral proceedings, the trial court determined that the “$12,000 is neither periodic alimony nor an employment bonus, but is in fact a payment, ‘in addition to the compensation provisions provided for in the employment contract.’” The husband appeals and asserts that the trial court’s interpretation of the bonus provision was made in error.
When a trial court adopts an agreement of the parties, it is merged into the *37 final judgment of divorce. Dees v. Dees, 581 So.2d 1103 (Ala.Civ.App.1990). A final judgment of divorce is to be interpreted or construed like other written instruments. Grizzell v. Grizzell, 583 So.2d 1349 (Ala.Civ.App.1991). Whether an agreement is ambiguous is a question of law to be determined by the trial court. Grizzell. Once the trial court determines that the terms of an agreement are doubtful or ambiguous, it may allow parol evidence to determine the intention of the parties. Grizzell. The terms of the agreement may be shown to be ambiguous or of doubtful character by a proffer of evidence that the parties have accorded different interpretations to, or have acted inconsistently under, it. Grizzell.
The court determined there was a conflict in the intent of the parties concerning the $12,000 bonus. It was, therefore, the duty of the court to resolve that conflict. The interpretation made by the trial court of the ambiguous provision is accorded a heavy presumption of correctness and will not be disturbed unless it is palpably erroneous. Grizzell.
The record reflects that the wife worked for Gadsden Health Care Center for approximately 19 years. During that period the Center grew from a 50-bed to a 160-bed nursing home. The wife requested the employment contract so that her position would be secure after the divorce. Concerning the $12,000 bonus provision in the final judgment of divorce, the wife testified that her attorney told her:
“ “We’re going to also put it in the divorce decree, because I’ve never seen a divorced couple who can work together, and if you can’t, you’re going to have to have something until you can find another job, and I’m going to put this in the divorce decree because the facility owns your car, everything you have is right there, and you’re going to have to leave it all. You’re going to have to have something to get back on your feet.’
“And he said, You will get this whether you stay at Gadsden Health Care or not.’ ”
The husband testified that it was his understanding that the bonus would be paid only if the wife continued to work for the Center.
Our review of the record evidences a conflict in the intent of the parties concerning the $12,000 bonus. The trial court’s interpretation of this ambiguity is supported by the evidence and cannot be said to be palpably erroneous.
We find no merit to the husband’s contention that the bonus was in essence periodic alimony. The very terms of the agreement rule out such an assessment.
The judgment of the trial court is affirmed.
The wife’s request for attorney fees is granted in the amount of $700.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ„ concur.
CRAWLEY, J., dissents.