PER CURIAM.
In October 1995, Robbie Ann Robinson and Cindy M. Hester (the “daughters”) filed a complaint against Norman Lee McClendon, their stepfather, requesting that the trial court hold the assets of Jessie Yvonne McClendon, their mother, in trust. The daughters alleged that their mother had disappeared and that if she is dead McClendon may be a suspect in her death. The daughters also requested that the trial court order McClendon to deposit into the trust one-half the value of their mother’s assets that he had disposed of. The court granted McClendon’s motion to dismiss the daughters’ action. The daughters appealed to the supreme court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
The daughters argue that the trial court erred in granting the motion to dismiss. A motion to dismiss is proper when no set of facts exists that would support the plaintiffs claim. Feore v. Feore, 627 So.2d 411 (Ala.Civ.App.1993). The court considers the possibility, not the probability, of the plaintiffs success in pursuing his claim. Davis v. University of Montevalio, 586 So.2d 27 (Ala.Civ.App.1991). On appeal from an order granting a motion to dismiss, this court is to view “the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief.” Phillips v. Opp & Micolas Cotton Mills, Inc., 445 So.2d 927, 929 (Ala.Civ.App.1984).
The mother disappeared in September 1995, and it is not known if she is dead or *168 alive. The stepfather’s first wife was murdered approximately 15 years ago, and her murder remains unsolved. In her will, the mother left her entire estate to the stepfather. The daughters argue that the stepfather is a prime suspect in their mother’s disappearance and that if he is convicted of her murder, then he cannot be her heir, and that they would inherit their mother’s estate through the intestacy statutes. Ala.Code 1975, § 43-8-253.
We conclude that the trial court correctly dismissed the action. The mother’s whereabouts are still unknown, and the stepfather has not been arrested or indicted for any crimes regarding her disappearance. The daughters seek a remedy which would prevent the stepfather from disposing of their mother’s assets. Currently, the stepfather has no right to dispose of the mother’s separate estate because the mother has not been declared legally dead, and her estate has not been probated. Because the stepfather does not have legal title to the mother’s separate property, a constructive trust is not appropriate in this case. The daughters have no legal or equitable right to have their mother’s assets held in trust pending an investigation into the mother’s disappearance and possible death. Therefore, we affirm the dismissal.
AFFIRMED.
YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.
ROBERTSON, P.J., dissents.