CRAWLEY, Judge.
In September 1998, Randy Givens, a former employee of Heilig-Meyers Company, Inc., a furniture-sales company, sued Heilig-Meyers and its employee Chris Hawkins, alleging that Hawkins, who had been Givens’s supervisor, had fired him for being absent from work to appear as a witness before a grand jury. He alleges a violation of Ala.Code 1975, § 12-16-8.1. Shelia Givens, Randy’s wife, joined as a plaintiff, alleging a loss of consortium resulting from her husband’s alleged wrongful termination. Heilig-Meyers moved to dismiss the complaint, and the trial court granted the motion. The Givenses appeal.
A motion to dismiss is proper when no set of facts exists that would support the plaintiffs claim. Feore v. Feore, 627 So.2d 411 (Ala.Civ.App.1993). On such a motion, the court considers the possibility, not the probability, of the plaintiffs success in pursuing his claim. Davis v. University of Montevallo, 586 So.2d 27 (Ala.Civ.App.1991). On appeal from an order granting a motion to dismiss, this court is to view “the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief.” Phillips v. Opp & Micolas Cotton *1283 Mills, Inc., 445 So.2d 927, 929 (Ala.Civ.App.1984).
In its judgment of dismissal, the trial court stated that the Givenses’ complaint alleges that Randy was called to appear as a witness before a grand jury, but that the complaint does not allege that Randy served on the grand jury and thus that § 12-16-8.1 does not apply in this case. Section 12-16-8.1 states:
“(a) No employer in this state may discharge any employee solely because he serves on any jury empaneled under any state or federal statute; provided, however, that the employee reports for work on his next regularly scheduled hour after being dismissed from any jury.”
The legislature has created two exceptions to the general rule that employment is at will: (1) the statute at issue in this case, § 12-16-8.1, prohibits an employer from terminating an employee because of his or her service on a jury; and (2) Ala. Code 1975, § 25-5-11.1, prohibits an employer from terminating an employee solely because the employee filed a workers’ compensation claim. The supreme court has refused to recognize any other exceptions to the employee-at-will doctrine. Dykes v. Lane Trucking, Inc., 652 So.2d 248 (Ala.1994). Because the legislature has not prohibited an employer from terminating an employee because he is called to appear as a witness before a grand jury, we cannot create an exception to the employee-at-will doctrine on that basis. The trial court properly dismissed the Givens-es’ complaint.
AFFIRMED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result only.