CRAWLEY, Judge.
In January 1999, James E. Pace sued Hughes Supply, Inc., alleging malicious prosecution. Hughes Supply filed a motion to dismiss, pursuant to Rule 12(b)(6), Ala. R. Civ. P., which the trial court granted. Before the trial court granted the motion to dismiss, Hughes Supply had filed a motion requesting damages pursuant to the Alabama Litigation Accountability Act, § 12-19-272, Ala.Code 1975 (the “ALAA”). The trial court denied that motion. Pace appeals, and Hughes Supply cross appeals. The supreme court transferred the appeals to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
We first address Pace’s appeal from the dismissal of his action. A dismissal pursuant to Rule 12(b)(6) is proper when no set of facts exists that would support the plaintiffs claim. Feore v.
Feore, 627 So.2d 411 (Ala.Civ.App.1993). On a Rule 12(b)(6) motion to dismiss, the court considers the possibility, not the probability, of the plaintiffs proving his claim. Davis v. University of Montevatto, 586 So.2d 27 (Ala.Civ.App.1991). On appeal from a Rule 12(b)(6) dismissal, this court is to view “the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief.” Phillips v. Opp & Micolas Cotton Mills, Inc., 445 So.2d 927, 929 (Ala.Civ.App.1984).
The elements of a malicious-prosecution cause of action are the initiation of judicial proceedings without probable cause and with malice, a termination of those proceedings favorable to the defendant, and damage. Fina Oil & Chemical Co. v. Hood, 621 So.2d 253 (Ala.1993). Pace’s complaint properly alleges each element and nothing in the complaint suggests he could not prove those elements; therefore, the trial court erred by dismissing his complaint. We reverse the judgment of dismissal and remand the cause for further proceedings.
Hughes Supply cross appeals the denial of its motion for attorney fees and costs pursuant to the ALAA. Because we reverse the trial court’s dismissal of Pace’s malicious-prosecution action, we cannot conclude that Pace brought the malicious-prosecution action without substantial justification. Ala.Code 1975, § 12-19-272(a). Therefore, the trial court’s denial of the motion for attorney fees and costs is affirmed.
APPEAL — REVERSED AND REMANDED WITH INSTRUCTIONS.
CROSS APPEAL — AFFIRMED.
THOMPSON, J., concurs.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur in the result.