On Application for Rehearing

CRAWLEY, Judge.
The opinion of August 20, 1999, is withdrawn, and the following is substituted therefor.
*1050 S & R Travels, Inc., Cynthia Smith, and H. Thomas Smith (all referred to together hereinafter as “S & R”) sued Roger Graul and Diversified Business Consultants, Inc. (both referred to together hereinafter as “Graul”) in 1995, alleging breach of contract, fraud, negligence, and the tort of outrage. Graul counterclaimed, alleging breach of contract. Those actions were filed in the Jefferson Circuit Court and were assigned to Judge Edward L. Ramsey. Judge Ramsey eventually entered a summary judgment for Graul on all of S & R’s claims; he made the summary judgment final pursuant to Rule 54(b), Ala. R. Civ. P. Graul’s breach-of-contract counterclaim remained pending.
After Judge Ramsey entered the summary judgment for Graul, Graul added a malicious-prosecution claim to his breach of contract counterclaim. S & R moved to dismiss the malicious-prosecution claim, arguing that the malicious-prosecution claim had to be brought in a separate action. Before Judge Ramsey ruled on the motion to dismiss, Graul filed a separate action alleging malicious prosecution; that action was assigned to Judge J. Scott Vowell, also of the Jefferson Circuit Court. Judge Ramsey then granted S & R’s motion to dismiss.
After Judge Ramsey dismissed the malicious-prosecution claim pending before him, S & R then moved to dismiss the malicious-prosecution claim in the separate action pending before Judge Vowell, arguing that the malicious-prosecution action should have been joined with the breach-of-contract claim pending before Judge Ramsey (this argument was the opposite of the argument made to Judge Ramsey). Judge Vowell granted the motion to dismiss. Graul appealed to the supreme court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
A motion to dismiss is properly granted when no set of facts exists that would support the plaintiffs claim. Feore v. Feore, 627 So.2d 411 (Ala.Civ.App.1993). The court considers the possibility, not the probability, of the plaintiffs success in pursuing his claim. Davis v. University of Montevallo, 586 So.2d 27 (Ala.Civ.App.1991). On appeal from the grant of a motion to dismiss, this court is to view “the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief.” Phillips v. Opp & Micolas Cotton Mills, Inc., 445 So.2d 927, 929 (Ala.Civ.App.1984).
S & R based its motion to dismiss on its contention that Ala.Code 1975, § 6-5-440, prohibits Graul from bringing a separate malicious-prosecution claim. Section 6-5-440 states:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pen-dency of the former is a good defense to the latter if commenced at different times.”
We conclude that § 6-5-440 does not apply to this case. When Judge Vowell dismissed the malicious-prosecution claim, Graul only had one malicious-prosecution claim pending against S & R. Therefore, § 6-5-440 does not justify Judge Vowell’s dismissal of the malicious-prosecution action.
We reverse the judgment dismissing Graul’s malicious-prosecution action and remand the cause for proceedings consistent with this opinion.
OPINION OF AUGUST 20, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED; REVERSED AND REMANDED WITH INSTRUCTIONS.
*1051 ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
YATES, J., concurs in the result.