CRAWLEY, Judge,
dissenting.
I conclude that Wal-Mart’s written policy stating that employees such as Hepp are prohibited from performing services on other employees’ vehicles is the “previous warning” contemplated by Ala.Code 1975, § 25-5-57(a)(3)i.(iv).
In statutory construction, this court must “ascertain and effectuate legislative intent as expressed in the statute.” Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala.1984). The majority opinion necessarily concludes that the legislature intended to require an employer to give an oral warning before firing a worker even when the employer has provided a written policy prohibiting the conduct at issue, before § 25 — 5—57(a)(3)i.(iv) can be applied. I conclude that the legislature, in adopting § 25-5-57(a)(3)i.(iv), intended that a written policy prohibiting certain conduct be sufficient to trigger the application of the statute. Requiring an oral warning even when a written warning exists is contrary to our state’s at-will employment doctrine. See Givens v. Heilig-Meyers Co., 738 So.2d 1282 (Ala.Civ.App.1999) (stating that it is a legislative function, not a judicial function, to create an exception to the at-will employment doctrine).
Therefore, I would preclude Hepp from petitioning the trial court to reopen his case, and I would reverse the trial court’s judgment reopening Hepp’s case.
THOMPSON, J., concurs.