A garnishment order was directed to the husband's employer, the United States Army, in Ft. Benning, Georgia. The order was issued from a Texas court upon the petition of the wife for child support. In the Alabama court that granted the husband's petition for divorce, the husband sought an injunction to prevent enforcement of the foreign decree. The court refused, holding that it did not have the authority to do so. The husband appeals.
The issue we address in this case is whether the court erred in holding that it did not have the power to enjoin the enforcement of the Texas decree directed to the husband's employer in Georgia.
The child custody and support order was issued pursuant to the Texas equivalent of this state's Uniform Child Custody Jurisdiction Act and the Interstate Income Withholding Act. §§ 30-3-20 et seq., -90 et seq., Code 1975. These statutes, together with the Uniform Reciprocal Enforcement of Support Act, § 30-4-80 et seq., Code 1975, have as their object the avoidance of jurisdictional competition and conflict with courts of other states in matters of child custody, and the improvement and extension by reciprocal legislation of the enforcement of duties of child support and to make uniform the law with respect thereto. See §§ 30-3-21(a)(1), -4-80, Code 1975. Orders issued pursuant to these acts are final and conclusive as to all issues of fact and law decided and are to be adopted in the state in which they are to be enforced. §§ 30-3-32, -95(a), Code 1975. Alabama courts may inquire into the jurisdictional basis of a foreign court's judgment sought to be enforced in this state, but having determined that jurisdiction was not lacking, the court is required to give full faith and credit to the foreign judgment. Wilson v. Lee, 406 So.2d 416
(Ala.Civ.App. 1981).
The husband contends that the Texas court did not have personal jurisdiction over him and that the order issued by that court is therefore invalid. The husband was given notice of the Texas proceeding but did not appear. The deposition evidence before the Texas court showed a sufficient basis under that state's statute to subject the husband to personal jurisdiction. The statute provides for jurisdiction over a nonresident, where the child's residing in the state is due to the "acts or directives" of the nonresident parent. The evidence supported the Texas court's judgment on this matter. That the husband now alleges different facts is of no consequence *Page 1021 
with respect to the validity of the foreign decree.
The posture of this case bears some explaining. During the pendency of the husband's petition for divorce in Alabama, where he is a resident, the wife, a resident of Texas, claiming she had not received notice of the husband's divorce suit, filed for child custody and support in Texas. The Texas court ordered the U.S. Army at Ft. Benning to begin garnishing the husband's wages for child support, which it did. The wife subsequently submitted to the jurisdiction of the Alabama court and moved for a new trial after the court granted the husband's petition for divorce. The court denied the motion. The wife then petitioned the Alabama court for alimony and support — subjects not addressed in the Alabama court's divorce decree — and to enforce the Texas garnishment order. The husband sought an injunction to prevent enforcement of that order. The court denied all relief, holding that it did not have the authority to enjoin the Texas decree. It did award attorney's fees to the wife. The husband appealed.
Obviously, what makes this case unusual is the attempt by the husband to have an Alabama court enjoin the enforcement of a foreign judgment — a judgment in the form of a garnishment order directed to the husband's employer in Georgia. The husband argues that what he is actually seeking is an injunction against the wife to prevent her enforcement of the Texas decree. The husband's argument is without merit. He concedes "that Alabama courts have no authority to enjoin Texas courts from enforcing their own decrees." Once the Texas court issued its decree, there was nothing further the wife need do to ensure enforcement of the garnishment order by the U.S. Army in Georgia. That is the function of the Interstate Income Withholding Act: to provide a quick and effective procedure for the withholding of income derived in a state — in this case Georgia. Therefore, the petition of the wife in Alabama is superfluous to the operation of the Texas decree on the husband's employer in Georgia. The Alabama court correctly recognized that in the context of interstate child custody and support actions, where Alabama is neither the initiating nor responding state, an Alabama court is not the proper forum for a challenge to those extraterritorial proceedings.
We deny the wife's request for attorney's fees on this appeal.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., concurs.
BRADLEY, P.J., concurs in the result.