This appeal involves the validity of a foreign judgment.
On June 15, 1988 Alston Electric Supply Company (Alston) filed suit against Alabama Electrical Wholesalers, Inc. (AEW) in the Circuit Court of Escambia County, Florida. In the complaint, Alston sought damages for AEW's alleged breach of a sales contract. Alston filed an amended complaint on April 26, 1989. On May 24, 1989 AEW moved to dismiss the case for lack of jurisdiction and the motion was denied on July 17, 1989. After the case was tried on its merits, the trial court entered judgment for Alston and awarded damages of $4,063.54. In the judgment order, the trial court specifically found that it had jurisdiction over the parties. AEW did not appeal this judgment.
On May 2, 1990 Alston filed a certified copy of the judgment with the Circuit Court of Houston County, Alabama. On May 29 AEW filed a motion in that court to set aside the judgment and for stay of judgment.
After a hearing on AEW's motion, the Circuit Court of Houston County entered an order finding that Florida was without jurisdiction over the matter and dismissing the Florida judgment. On October 30, 1990 Alston filed a motion to vacate the order from the Circuit Court of Houston County. After a hearing on the motion, the trial court denied the motion to vacate. Alston appeals from the denial of this motion.
The dispositive issue on appeal is whether the trial court erred in failing to afford full faith and credit to the judgment rendered by the Florida court.
Under the full faith and credit clause of the United States Constitution, Alabama courts are generally required to give a foreign judgment at least the res judicata effect which would be accorded in the state which rendered it. Durfee v. Duke,375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). However, before giving effect to a foreign judgment, Alabama courts may inquire into the jurisdiction of the foreign court whose judgment is sought to be enforced. Wilson v. Lee, 406 So.2d 416
(Ala.Civ.App. 1981). The court's scope of inquiry is limited to (1) whether the issue of jurisdiction was fully and fairly litigated by the foreign court and (2) whether the issue of jurisdiction was finally decided by the foreign court. Durfee.
Here, the record shows that the issue of lack of jurisdiction was raised by motion of the defendant in the Florida court. A hearing was held on the issue and the defendant's motion was denied. In its judgment for the plaintiff on the merits, the Florida trial court made a specific finding of jurisdiction. The defendant failed to appeal this finding either by interlocutory appeal or appeal of the final judgment.
In ordering the dismissal of the Florida judgment, the Circuit Court of Houston County apparently retried the issue of jurisdiction that had been fully settled by the Florida court. In so doing, the circuit court exceeded the scope of inquiry allowed to it. Durfee does not establish a license whereby one state may relitigate issues that have been properly raised and ruled upon by another state. As the United States Supreme Court has succinctly stated: "One trial of an issue is enough. The principles of res judicata apply to questions of jurisdiction as well as to other issues." Treinies v. Sunshine Mining Co.,308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939).
From the record before us, we can only determine that the issue of jurisdiction was duly brought and adjudicated before the trial court in Florida. There is no indication that the litigation was in any way perfunctory or unfair, or that any portion of the issue was left unaddressed, or that the judgment was incomplete. Consequently, the Alabama court must give the Florida judgment full faith and credit. Durfee.
The Houston County circuit court's order dismissing the Florida judgment is hereby reversed and the cause is remanded for entry of judgment consistent with this opinion. *Page 12 
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.