ROBERT P. BRADLEY, Retired Appellate Judge.
This is a child support modification case.
The parties were divorced in the Mobile County Circuit Court in 1987. The mother was awarded custody of the parties’ three minor children, and the father was ordered to pay $700 per month child support. The mother retained possession of the marital homeplace for five years or until her remarriage. Upon the happening of either event, the homeplace was to be sold and the equity therein divided equally between the parties.
In 1988 the mother filed a petition for contempt, alleging nonpayment of support. After an ore tenus proceeding, the trial court entered an order finding an arrear-age of $4,537.65, to be paid in increments of $200 per month in addition to the regular support payment of $700 per month.
In July 1990 the father filed a motion to reduce child support based upon a change of circumstances. The father also sought custody of one of the minor children and regular visitation with the other children. The father filed a memorandum to the trial court in support of this motion to modify.
The parties subsequently submitted a joint agreement to the court, wherein the father agreed to forfeit his share of equity in the homeplace to satisfy all child support arrearages. Although his first petition to modify was still pending, the father filed another motion to modify, seeking the trial court’s ratification of this agreement and reiterating his request for a reduction of child support.
*311 After an ore tenus proceeding, the trial court entered an order ratifying the parties’ agreement concerning past arrearag-es. The trial court denied the father’s request for modification of child support and custody. The father subsequently filed a motion for reconsideration, along with an affidavit outlining his financial condition. The motion was denied. The father appeals only from the court’s failure to reduce the child support obligation.
We begin by saying that the trial court, in its discretion, may grant a modification of child support upon a showing of a material change of circumstances. Rule 32(A)(2)(i), Alabama Rules of Judicial Administration. The trial court’s decision to grant or deny such a modification will not be reversed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Parker v. Firestone, 568 So.2d 824 (Ala.Civ.App.1990).
In this case, no transcript was taken of the hearing on the father’s motion to modify; thus, we are unable to review the factual basis of the trial court’s judgment. Consequently, we must conclusively presume that the judgment of the trial court is supported by the evidence presented at the hearing. Ford v. Lines, 505 So.2d 1229 (Ala.Civ.App.1986). We have no alternative but to affirm the court’s judgment.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.