This is a divorce case.
The record reveals that Patricia Lim Feore (wife) and John Jay Feore (husband) were married in the Republic of Singapore in 1983. Two children were born of the marriage. The parties moved to the United States Territory of Guam in January 1987 and established a business there. The record reveals that in June 1991, the husband and children came to Mobile, Alabama, for a purported vacation, and that on July 3, 1991, the wife and husband each filed divorce complaints in Guam and Alabama respectively. Record evidence reveals that the Superior Court of Guam granted an interlocutory divorce judgment in December 1991, and a final decree of divorce in January 1992, based upon the wife's complaint. It appears that the husband's complaint was dismissed for failure to comply with Alabama's residency requirement, and that he filed a second complaint in January 1992.
The Guam decree awarded custody of the children and certain property to the wife. The husband was awarded visitation and was ordered to pay $1,000 per month in child support, to maintain medical, dental and life insurance coverage for the benefit of the wife and the children, and to pay the community debts of the marriage. The husband contended that he attempted to set aside the Guam divorce decree. In March 1992, the wife filed a plea to abate and dismiss the husband's Alabama divorce complaint, alleging that the Guam decree resolved all issues.
Following an ore tenus proceeding in April 1992, the Alabama trial court entered an order holding all pending matters "in abeyance for a period of thirty (30) days or the final hearing and determination of the proceedings in the Superior Court of Guam, whichever is less." Although the trial court scheduled a hearing in May 1992, we have no record of any further proceedings. The wife filed an instanter motion to dismiss and to *Page 413 
enforce the foreign judgment on June 23, 1992, alleging that the Superior Court of Guam had denied the husband's motion to set aside, and requesting that the trial court order the husband to release the children to her custody pursuant to the Guam decree. The wife also filed a motion for a writ of habeas corpus, alleging that the husband refused to release the children and demanding that the husband return the children.
On June 26, 1992, the trial court dismissed the husband's complaint for divorce with prejudice, gave the Guam divorce judgment full faith and credit, and ordered the husband to deliver the children immediately. The husband appeals.
In reviewing the grant of a motion to dismiss, an appellate court is to take "the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief." Phillips v. Opp MicolasCotton Mills, Inc., 445 So.2d 927, 929 (Ala.Civ.App. 1984). When it appears beyond a doubt that there is no set of facts supporting a plaintiff's claim and entitling him to relief, a motion to dismiss is proper. We consider whether a plaintiff may possibly prevail, not whether he will ultimately prevail.Davis v. University of Montevallo, 586 So.2d 27 (Ala.Civ.App. 1991).
In opposition to the dismissal, the husband argues that the trial court erred in granting full faith and credit to the Guam decree. He claims that the trial court had no evidence of a jurisdictional basis or the existence of a final judgment in the Guam proceedings.
Pursuant to the full faith and credit clause of the United States Constitution, Alabama courts are generally required to give a foreign judgment at least the res judicata effect which would be accorded in the state which rendered it. AlstonElectric Supply Co. v. Alabama Electrical Wholesalers, Inc.,586 So.2d 10 (Ala.Civ.App. 1991). Before giving effect to a foreign judgment, Alabama courts are permitted to inquire into the jurisdiction of the foreign court rendering the judgment. The scope of inquiry is limited to, "(1) whether the issue of jurisdiction was fully and fairly litigated by the foreign court and (2) whether the issue of jurisdiction was finally decided by the foreign court." Alston Electric at 11. Having determined that jurisdiction is not lacking, the court is required to give full faith and credit to the foreign judgment.Trillo v. Trillo, 506 So.2d 1019 (Ala.Civ.App. 1987).
The Uniform Enforcement of Foreign Judgments Act defines "foreign judgment" as "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." Ala. Code 1975, § 6-9-231.
When a sister state's court has jurisdiction over the subject matter and persons, its judgment is entitled to full faith and credit. Jeffers v. Belmonte Hills Owners Association, Inc.,585 So.2d 75 (Ala.Civ.App. 1991). When that judgment is authenticated and produced at trial, there is a presumption that the court rendering the judgment had jurisdiction to do so, placing the burden on "the challenger of the judgment to assert and produce evidence to challenge the judgment and to overcome the presumption." Jeffers at 77. An individual's liberty interest is recognized and protected by the requirement of personal jurisdiction. "The test for personal jurisdiction requires that the traditional notions of fair play and substantial justice not be offended by the maintenance of the suit." Walnut Equipment Leasing Co. v. Long, 550 So.2d 998, 999
(Ala.Civ.App. 1989).
In September 1991, at a hearing following the husband's original divorce complaint, the husband testified that he and the children were in Mobile from August to December 1986, but have lived in Guam ever since. The husband also testified that his Guam business license was issued in late 1986, and that he and his wife had been operating the business since 1987. The husband acknowledged that he has a valid voter registration card for Guam, has voted in Guam elections, and has filed income tax returns in Guam. From the testimony, the trial court could have properly determined that the Superior Court of Guam had both subject matter and personal jurisdiction over the husband and the marriage. *Page 414 
In a custody case involving the Virgin Islands and New York, the United States Court of Appeals held:
 "[T]he Virgin Islands, as the place of the child's domicil, has undoubted jurisdiction over her custody. Since the welfare of the child is the chief consideration in questions of custody, the Virgin Islands has a paramount interest in the subject. This interest was not altered by the father's temporary custody of the child during her visits to him, which did not change the domicil of the child from the Virgin Islands to New York."
Bergen v. Bergen, 439 F.2d 1008, 1012 (3d Cir. 1971).
Guam was ceded to the United States as a territory in accordance with the provisions of the Treaty of Peace with Spain, signed at Paris, December 10, 1898, and proclaimed April 11, 1899. 48 U.S.C.A. § 1421. 28 U.S.C.A. § 1738 states:
 "The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
 "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken. June 25, 1948, c. 646, 62 Stat. 947."
Extending full faith and credit to include court judgments of territories and possessions of the United States, through28 U.S.C.A. § 1738, is constitutional. Americana of Puerto Rico,Inc. v. Kaplus, 368 F.2d 431 (3d Cir. 1966). It is the basic goal of full faith and credit to coordinate the administration of justice throughout the nation. "[T]o achieve this goal Congress enacted Section 1738 and by use of the words 'State, Territory or Possession' Congress intended to unify all of the courts in our system of government." Americana at 438.
In the instant case, the trial court properly recognized the existence of a Guam divorce decree. An authenticated copy of the final decree of divorce and interlocutory judgment of divorce were filed with the wife's plea to abate and dismiss the Alabama action, and are included in the record on appeal. The husband does not dispute the existence of the Guam divorce decree. He disputes whether that decree was final, i.e., whether all post-judgment remedies had been pursued.
The husband claims that in granting the wife's motion to dismiss on June 26, 1992, the trial court did not give him notice or afford him the opportunity to be heard. A separate order granted on June 26, however, titled, "Order Allowing Counsel for Plaintiff to Withdraw," reads "[u]pon oral motion of counsel for Plaintiff . . ., this day in open Court to withdraw as counsel for Plaintiff. . . ." It is evident from the record that counsel for the husband had notice of proceedings on the motion to dismiss, and that such counsel did appear.
Although there is no record of any proceedings or evidence that may have been presented to the trial court on June 26, 1992, the wife's instanter motion to dismiss was granted. The wife contends that evidence was presented, during a hearing on that date, of the Guam court's denial of the husband's motion to dismiss. The husband denies the existence of any such evidence; however, the husband's present counsel was not a participant in those proceedings. Where no transcript is taken of an ore tenus proceeding, this court is unable to review the factual basis of the trial court's judgment and must conclusively presume that the judgment of the trial court is supported by the evidence presented at the hearing.Anderson v. Anderson, 590 So.2d 310 (Ala.Civ.App. 1991).
We find that the record on appeal supports the trial court's judgment and, therefore, we affirm.
The wife's request for an attorney's fee on appeal is granted in the amount of $500, and *Page 415 
her request for sanctions pursuant to Rule 38, A.R.App.P., is denied.
The husband has filed a motion requesting that this court postpone ruling on this appeal until the appeal process in Guam is completed. That motion is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.