This is a divorce case.
The parties separated after several years of marriage when the wife, Linda Lawson McGouryk, left their home in Tallapoosa County on July 4, 1993, and moved to Kentucky, taking the parties' six-year-old daughter. On February 7, 1994, after living in Kentucky for more than six months, in order to establish residency in Kentucky, the wife sued for divorce in a Kentucky court. Jimmy Frank McGouryk, the husband, sued for divorce in Tallapoosa County on March 8, 1994. Thereafter, he was served by certified mail with the Kentucky divorce complaint. The wife answered the husband's complaint on April 12, 1994, stating that she had sued for divorce in Kentucky and contending that all child custody issues should be adjudicated by the Kentucky court. She also counterclaimed, asking the trial court to divorce the parties, award child support, and divide the parties' property.
The husband did not respond to the Kentucky action; the Kentucky court entered a default judgment of divorce on July 6, 1994. The judgment divorced the parties, granted custody of the child to the wife, and provided for reasonable visitation by the husband. The Kentucky judgment did not adjudicate the issues of child support and property division.
The case went to trial in Alabama on the husband's complaint on September 12, 1994. On November 23, the trial court entered its order, styled "divorce decree." The order, however, did not expressly divorce the parties, did not give full faith and credit to the earlier Kentucky judgment, purported to grant custody to the wife and to establish detailed visitation arrangements for the husband, awarded child support, and ordered a property division.
The wife then filed a post-trial motion requesting that the trial court divorce the parties, or, in the alternative, requesting that the trial court give full faith and credit to the Kentucky divorce judgment. The trial court denied the motion, and the wife petitioned this Court for a writ of mandamus. This Court issued a writ of mandamus on May 9, 1995, instructing the trial court to give full faith and credit to the Kentucky judgment. In response, the trial court issued an "amended final decree," in which it concluded that, under this Court's order, it lacked jurisdiction over the case and dismissed the action. The wife appeals from the dismissal, requesting this Court to remand this case with instructions that the trial court decide the child support and property division issues and give full faith and credit to the Kentucky judgment. The husband requests a remand instructing the trial court to reinstate its previous order. Both parties contend that the trial court erred in dismissing the case. *Page 1302 
Therefore, the issues before this court are whether the Kentucky judgment is entitled to full faith and credit in an Alabama court and whether the trial court has the jurisdiction to further adjudicate the issues of child support and a property division, which were not adjudicated in the Kentucky judgment.
In accordance with the Full Faith and Credit Clause of the United States Constitution, Alabama courts are required to give a foreign judgment the res judicata effect to which it would be entitled in the state that rendered the judgment. Feore v.Feore, 627 So.2d 411, 413 (Ala.Civ.App. 1993) (affirming trial court's enforcement of foreign divorce judgment). When a foreign judgment is authenticated and produced at trial, there is a presumption that the court rendering the judgment had the jurisdiction to do so, and the burden is placed on the party challenging the judgment to overcome the presumption. Id. at 413; Greene v. Connelly, 628 So.2d 346, 351 (Ala. 1993). Furthermore, the Uniform Enforcement of Foreign Judgments Act, § 6-9-230 et seq., Ala. Code 1975, provides that "a [properly authenticated and filed foreign judgment] has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court and may be enforced or satisfied in like manner." §6-9-232; Greene, supra, at 350.
Before enforcing a foreign judgment, Alabama courts may inquire into the jurisdiction of the foreign court. "The scope of the inquiry is limited to '(1) whether the issue of jurisdiction was fully and fairly litigated by the foreign court, and (2) whether the issue of jurisdiction was finally decided by the foreign court.' " Feore, supra, at 413 (quotingAlston Electric Supply Co. v. Alabama Electrical Wholesalers,Inc., 586 So.2d 10, 11 (Ala.Civ.App. 1991)). If it finds that the foreign court had jurisdiction, then it must enforce the judgment. Feore, supra, at 413. We note that a default judgment is entitled to full faith and credit, just as any other judgment. Trillo v. Trillo, 506 So.2d 1019 (Ala.Civ.App. 1987) (enforcing default garnishment order where husband had received notice of Texas proceeding but did not appear); Hennessee v.State ex rel. State of Texas, 650 So.2d 903, 905
(Ala.Civ.App. 1994) (extending full faith and credit to Texas default judgment).
The record does not contain a copy of the Kentucky judgment, and this court cannot determine whether one was authenticated and filed with the trial court. Nor does the record contain a transcript of the trial testimony. Thus, we cannot discern whether the husband objected to enforcement of the Kentucky judgment on the grounds of lack of personal jurisdiction, as he argues on appeal. If the Kentucky judgment was properly authenticated and filed with the trial court, and if the trial court does not find that Kentucky lacked jurisdiction, then that judgment must be enforced. Feore, supra, at 413. Therefore, we reverse the judgment of the trial court dismissing the case, and we remand with instructions to make the appropriate findings, and, if proper under those findings, to afford full faith and credit to the Kentucky judgment as to the issues that the Kentucky court has decided, in accordance with § 6-9-232, Ala. Code 1975.
The Uniform Child Custody Jurisdiction Act (UCCJA), § 30-3-20
et seq., Ala. Code 1975, governs whether a foreign custody judgment is entitled to enforcement in Alabama courts. The Act provides that "[t]he courts of this state shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this article or made under factual circumstances meeting the jurisdictional standards of this article." § 30-3-33. It appears from the record that Kentucky would qualify as the "home state" of the child, defined as "[t]he state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months." § 30-3-22(5). Section 30-3-23 confers jurisdiction when this state is the child's "home state." Further, it appears that the husband received notice of the proceedings by certified mail, in accordance with the notice requirements of § 30-2-25(a)(3). A valid custody judgment must be recognized and enforced by the courts of this *Page 1303 
state if it is filed with the trial court in accordance with § 30-3-35, which provides that "[a] certified copy of a foreign custody decree may be filed with the clerk of any court of this state," and that "[a] custody decree so filed has the same effect and shall be enforced in like manner as a custody decree rendered by a court of this state." § 30-3-35(a). See also,Wyatt v. Falhsing, 396 So.2d 1069, 1072 (Ala.Civ.App. 1981);In re Colburn, 497 So.2d 182, 183 (Ala.Civ.App. 1986). On remand, if a certified copy of the Kentucky order is filed with the trial court, it is bound to enforce the judgment pursuant to the UCCJA.
Additionally, we hold that the trial court had the jurisdiction to adjudicate the issues of child support and the division of property, which were not addressed by the Kentucky judgment, while giving full faith and credit to the Kentucky judgment. As previously discussed, once a foreign judgment is domesticated, it is "subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner." § 6-9-232, Ala. Code 1975. Therefore, the Kentucky judgment could be completed by adjudicating the remaining issues in the Alabama trial court. There is no question that Alabama had jurisdiction over the parties. Once the trial court had jurisdiction, it had the inherent power to enter an order of child support. Jennings v.Jennings, 647 So.2d 777 (Ala.Civ.App. 1994) (affirming trial court's modification of Virginia child support order); Dockinsv. Dockins, 475 So.2d 571, 572 (Ala.Civ.App. 1985) (holding that "whenever the welfare of children is concerned and the jurisdiction of the court is invoked, a court has inherent power to enter an order for their custody and support").
Additionally, this court notes that when a final divorce judgment makes no property division, and does not reserve authority to divide property at a later date, it may not later modify the divorce judgment to divide the parties' property.Hocutt v. Hocutt, 491 So.2d 247, 248 (Ala.Civ.App. 1986). However, in the present case, the record indicates that the Kentucky judgment reserved for a later date the determination of a child support award and a property division. Therefore, the issue of a property division remained open for further litigation and may be properly adjudicated by the Alabama trial court.
For the above-stated reasons, the judgment of dismissal is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.