On Application for Rehearing
This court's no-opinion affirmance of June 24, 2005, is withdrawn, and the following opinion is substituted therefor.
Phillip R. Bartlett appeals from a judgment domesticating a judgment entered in favor of Unistar Leasing ("Unistar") by the Supreme Court, Onandaga County, New York. The New York judgment was domesticated as an Alabama judgment on March 26, 2004, in the Circuit Court of Tuscaloosa County pursuant to the Uniform Enforcement of Foreign Judgments Act, Ala. Code 1975, §§ 6-9-230
to -238 ("the UEFJA" or "the Act").
The following facts are pertinent to this appeal. In August 2003, Unistar filed a complaint in Onandaga County, New York, against Bartlett, who it alleged was doing business as Bart Mart and had offices in Northport, Alabama. In its complaint, Unistar asserted that Bartlett breached an agreement by which Bartlett had leased certain equipment from Unistar. Bartlett did not appear in the action, and the New York court entered a default judgment against him in the amount of $17,433.02.
On March 26, 2004, Unistar, pursuant to the UEFJA, domesticated its judgment in the Tuscaloosa Circuit Court. Among other things, as required by the Act, a "Notice of Filing Foreign Judgment" was sent to Bartlett. In addition, Unistar served on Bartlett a "Notice of Filing Affidavit Under the Uniform Enforcement of Foreign Judgments Act," along with an attached affidavit from Unistar's attorney, as required by the Act.
On April 20, Bartlett filed a "Motion to Vacate Judgment and Motion for Stay" in which he sought an order from the Tuscaloosa Circuit Court vacating the domesticated judgment on the ground that it was void for lack of personal jurisdiction and staying any collection action by Unistar against him. Bartlett's motion stated that it was filed pursuant to both Rule 59(e) and Rule 60(b)(4), Ala. R. Civ. P. On May *Page 719 
27, Unistar responded to Bartlett's motion by asserting that the New York court had personal jurisdiction over Bartlett and that, pursuant to Ala. Code 1975, § 6-9-234, Bartlett was required to post security for satisfaction of the judgment to be entitled to a stay of the action.
On June 29, after oral argument on Bartlett's motion, the circuit court entered an order that read:
 "This case was argued on defendant's motion for a stay of judgment. There are disputed facts in this case. Assuming the facts most favorable to the defendant, that the documents upon which the Plaintiff claims jurisdiction are forged, then the New York court would not have jurisdiction over the defendant. The defendant's motion to stay is granted conditional upon defendant posting the security required by Code of Alabama 6-9-234 pending a final hearing."
(Emphasis added.)
On July 19, that portion of Bartlett's April 20 motion seeking a vacation of the March 26 domesticated judgment under Rule 59 was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.
Bartlett filed a second motion on July 29, which read, in pertinent part:
 "The order dated June 29, 2004 is not clear in that it does not specifically say that the judgment from the court in New York filed in this case was vacated. It appears to grant the motion to vacate the judgment because it says the undisputed facts showed that the documents made the basis of the New York judgment were forged and that the New York court would not have had personal jurisdiction over the Defendant. It also grants the motion for the bond.
 ". . . .
 "The parties need an order more clearly establishing that the judgment from the New York court is vacated."[1]
The case action summary indicates that the circuit court set this motion for hearing on September 16.
On August 27, Bartlett filed his notice of appeal from the "Foreign Judgment filed 3/26/04."
Bartlett argues that the circuit court's denial of his Rule 59(e) motion was in error. Specifically, Bartlett contends that this court should find, based merely on an affidavit that he submitted in support of his April 20 motion (averring that his signature was forged on a contract that included a clause subjecting him to jurisdiction in New York courts), that the New York court did not have personal jurisdiction over him and that its judgment is therefore void and unenforceable in this State.
Enacted in 1986, the UEFJA "provides a mechanism for the domestication of a `foreign judgment' through its filing in the office of any circuit-court clerk in Alabama." Menendez v.COLSA, Inc., 852 So.2d 768, 771 (Ala.Civ.App. 2002) (citing Ala. Code 1975, § 6-9-232). A "foreign judgment" is defined in the Act as "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." Ala. Code 1975, § 6-9-231. The United States Constitution provides *Page 720 
that "[f]ull Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." U.S. Const. Art. IV, § 1.
This court has previously written about the limited review to which our courts can subject foreign judgments once they have been domesticated. In McGouryk v. McGouryk, 672 So.2d 1300,1302 (Ala.Civ.App. 1995), we wrote:
 "Before enforcing a foreign judgment, Alabama courts may inquire into the jurisdiction of the foreign court. `The scope of the inquiry is limited to "(1) whether the issue of jurisdiction was fully and fairly litigated by the foreign court, and (2) whether the issue of jurisdiction was finally decided by the foreign court."'"
McGouryk, 672 So.2d at 1302 (quoting Feore v. Feore,627 So.2d 411, 413 (Ala.Civ.App. 1993), quoting in turn AlstonElec. Supply Co. v. Alabama Elec. Wholesalers, Inc.,586 So.2d 10, 11 (Ala.Civ.App. 1991)). "The burden is on a party challenging the validity of the foreign judgment to assert and demonstrate the rendering court's lack of jurisdiction."Menendez, 852 So.2d at 771 (citing Greene v. Connelly,628 So.2d 346, 351 (Ala. 1993)).
Section 6-9-232, Ala. Code 1975, provides that a foreign judgment filed with a circuit clerk "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state. . . ." The language of that statute would seem at first glance to make a Rule 59(e) motion to vacate available as a vehicle for relief from a domesticated foreign judgment. To allow the use of a Rule 59(e) motion to attack the jurisdiction of a court rendering a prior judgment would be problematic, however, because Rule 59(e) motions have as their object the record before the court. As in this case, the Alabama court typically does not have the record from the foreign court. Further, the basis for challenging the validity of the foreign judgment in this case rests not on anything in the record on which that judgment is based, but on evidence collateral to that record and which was never presented to the foreign court, i.e., Bartlett's affidavit and any evidence that might be presented at the "final hearing" that was still "pending" at the time Bartlett filed his appeal.
The problematic nature of applying Rule 59(e) in cases such as this correlates with our Supreme Court's recognition that a Rule 60(b) motion is the appropriate method by which to challenge the validity of the underlying foreign judgment. See Ex parte LyonFin. Servs., Inc., 775 So.2d 181, 183 (Ala. 2000). In Lyon, a judgment debtor sought relief from a domesticated foreign judgment pending litigation of its claim against the judgment creditor. Id. at 182. The Court wrote: "[W]e have recognized that filing a Rule 60(b) motion is the proper procedure for challenging the validity of a foreign judgment that has been domesticated in Alabama." Id. at 183 (citing Greene v.Connelly, 628 So.2d at 350-51).[2]
This is not a case in which the judgment debtor, in reliance on section 6-9-232, argues that rule 59(e) is an appropriate vehicle *Page 721 
for relief from a domesticated judgment because the domestication process in the Alabama court was, itself, flawed. Rather, as inLyon, the attack here is on the validity of the underlying judgment. We conclude that the circuit court's denial of relief under Rule 59(e) from the March 26, 2004, domesticated judgment is due to be affirmed.
Insofar as the record before us is concerned, the circuit court has not yet even held the contemplated evidentiary hearing on Bartlett's Rule 60(b)(4) motion. If and when the circuit court enters a judgment on that motion, that judgment will be a separate, appealable order. See Littlefield v. Cupps,371 So.2d 51, 52 (Ala.Civ.App. 1979). If that motion is denied, Bartlett may then appeal that judgment to this court.
APPLICATION OVERRULED; NO-OPINION AFFIRMANCE OF JUNE 24, 2005, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
CRAWLEY, P.J., and THOMPSON and PITTMAN, JJ., concur.
BRYAN, J., concurs in the result, without writing.
[1] This court is at a loss to understand the statements contained in Bartlett's motion, which are plainly contrary to the trial court's June 29 order. We also note that this second motion effectively constituted a motion by Bartlett for the circuit court to "reconsider" the limited response by the circuit court on June 29 to Bartlett's Rule 59(e)/Rule 60(b)(4) motion, and therefore did not extend the time to appeal the March 26 domestication of the New York judgment and Bartlett's failed effort through the use of a Rule 59(e) motion to prevent that judgment from becoming a final, domesticated, Alabama judgment.
[2] Given the limited bases upon which a party may mount a challenge to a domesticated foreign judgment, it is not surprising that the Supreme Court would determine that Rule 60(b) is the appropriate mechanism for bringing such challenges. See,e.g., Ex parte R.S.C., 853 So.2d 228, 233 (Ala.Civ.App. 2002) (deeming postjudgment motion attacking jurisdiction of court to arise under Rule 60(b)); Maxwell v. State, 656 So.2d 882, 884
(Ala.Civ.App. 1995) ("Rule 60(b)(4) relief is applicable in cases where the court that entered the prior judgment . . . lacked personal jurisdiction over one or more of the parties. . . ."); and Sumter County v. Ezell, 496 So.2d 59, 61 (Ala.Civ.App. 1986) (motion attacking jurisdiction of rendering court is properly filed pursuant to Rule 60(b)). Bartlett's attempted use of an affidavit to establish his lack-of-personal-jurisdiction claim and the contemplated hearing yet to be held by the trial court are, of course, consistent with the collateral nature of the challenge to the jurisdictional basis of the judgment contemplated by Rule 60(b)(4).
This court is aware that in Menendez v. COLSA, Inc.,852 So.2d 768, 770 (Ala.Civ.App. 2002), the defendant sought to challenge the enforcement of a foreign judgment through the filing of a motion to dismiss the enforcement action that the plaintiff, a foreign creditor, had filed against the defendant, rather than through a Rule 60(b) collateral attack on the foreign court's jurisdiction. Menendez, 852 So.2d at 770. On appeal from the trial court's entry of a summary judgment in favor of the defendant, we did not address the issue of the proper procedural mechanism by which to attack a foreign judgment in that case; it does not appear that either party raised the issue.See Alabama Dep't of Envtl. Mgmt. v. Town of Lowndesboro, [Ms. 2020385, April 8, 2005] ___ So.2d ___, ___ (Ala.Civ.App. 2005) ("`For a case to be stare decisis on a particular point of law, that issue must have been raised in the action, decided by the court, and its decision made part of the opinion of the case; accordingly, a case is not binding precedent on a point of law where the holding is only implicit or assumed in the decision but is not announced.'" (quoting 20 Am.Jur.2d Courts § 153 (1995))).