Sharon K. Owings Filer appeals from the trial court's judgment denying her complaint seeking to register a 1997 Colorado judgment entered against Phillip S. Owings. We reverse and remand with instructions.
On February 7, 1972, the Colorado District Court for Jefferson County ("the Colorado court") entered a child-support order ("the 1972 child-support order") requiring Owings to pay child support in monthly installments through August 28, 1986. On January 8, 1997, following a motion filed by Filer to reduce Owings's child-support arrearages to a money judgment, the Colorado court entered a judgment ("the 1997 money judgment") in favor of Filer and against Owings for $14,250, representing child-support arrearages, plus $35,179.62 in accrued interest on those arrearages.
On April 20, 2006, Filer filed a complaint in the trial court seeking to register the 1997 money judgment. Filer also sought an award for interest that had accrued since the entry of the 1997 money judgment; that claim increased the total amount Filer sought to $147,685. In her complaint, and in a subsequent amended complaint, Filer stated that she was seeking to register the 1997 money judgment pursuant to the Alabama Uniform Enforcement of Foreign Judgments Act ("the UEFJA"), which is codified at § 6-9-230 et seq., Ala. Code 1975. On May 18, 2006, Owings, acting pro se, filed a document contesting the attempt to register the 1997 money judgment and requesting a hearing. Owings later retained counsel.
The trial court conducted an ore tenus hearing on September 27, 2006. On October 25, 2006, *Page 998 
the trial court entered a judgment denying Filer's complaint. Filer timely appealed to this court.
Though Filer makes several arguments on appeal, we address only one of those arguments because we find it to be dispositive of the appeal. We note initially that the relevant facts are not disputed by the parties and that the only questions presented to this court involve review of the trial court's application of the law to those facts. "Where the question on appeal is purely a question of law, the ore tenus rule does not apply, and appellate review is de novo." Brasili v. Brasili827 So.2d 813, 818 (Ala.Civ.App. 2002).
Filer argues that the trial court erred by applying the statute of limitations to the child-support-payment due dates under the 1972 child-support order rather than to the date of entry of the 1997 money judgment. The trial court found that Filer's attempted registration of the judgment was time-barred under the Alabama Uniform Interstate Family Support Act ("the UIFSA"), § 30-3A-101 et seq., Ala. Code 1975. The trial court found that, because child-support payments are final judgments on the day that they are due, and because § 6-2-32, Ala. Code 1975, limits the time of enforcement of final judgments to 20 years, the last date that Filer could recover child-support payments was August 28, 2006, 20 years after the date that the last child-support payment was due. The trial court concluded that, at the time of its September 27, 2006, judgment, Filer was not entitled to recover past-due child-support payments under either the 1972 child-support order or the 1997 money judgment, because she had failed to enroll the 1972 child-support order in Alabama on or before August 28, 2006.
In reaching its judgment, the trial court found that Filer's attempt to register the 1997 money judgment was governed by the UIFSA. The UIFSA was enacted to address and simplify, among other things, the process of enforcing in Alabama a child-support order issued by another state. See
§ 30-3A-101 through -906, Ala. Code 1975; and Mollohan v.Jelley, 925 So.2d 207, 210-11 (Ala.Civ.App. 2005). Section 30-3A-601, a part of the UIFSA, provides: "A support order or an income-withholding order issued by a tribunal of another state may be registered in this state for enforcement." Section 30-3A-101(22) defines "support order" as "a judgment, decree, or order, whether temporary, final, or subject to modification, for the benefit of a child, a spouse, or a former spouse, which provides for monetary support, health care, arrearages, or reimbursement, and may include related costs and fees, interest, income withholding, attorney's fees, and other relief."
Filer did not seek to register the 1997 money judgment for enforcement under the UIFSA; she sought to register the 1997 money judgment for enforcement under the UEFJA. The remedies provided by the UIFSA for enforcement of foreign support orders "are cumulative and do not affect the availability of remedies under other law." § 30-3A-103. Though the UIFSA may have provided additional remedies to Filer to enforce the 1997 money judgment, the availability or lack thereof of those remedies does not affect her attempt to enforce the judgment under the UEFJA. As discussed below, we conclude that, under the UEFJA, Filer's attempt to register the 1997 money judgment was not barred by the applicable statute of limitations. Therefore, we decline to address the possible application of the UIFSA.
In her complaint, Filer cites the UEFJA as authority allowing the registration of the 1997 money judgment. The UEFJA was enacted in Alabama and other states in order to simplify and make uniform *Page 999 
the process of domesticating foreign judgments that are entitled to full faith and credit. See § 6-9-230
through -238. The Full Faith and Credit Clause of the United States Constitution requires Alabama courts to "`give a foreign judgment at least the res judicata effect which would be accorded in the state which rendered it.'" Newton v.Newton, 686 So.2d 347, 348 (Ala.Civ.App. 1996) (quotingFeore v. Feore, 627 So.2d 411, 413 (Ala.Civ.App. 1993)).
This court, in discussing registration of judgments under the UEFJA, explained:
 "When a foreign judgment is authenticated and produced at trial, there is a presumption that the court rendering the judgment had the jurisdiction to do so, and the burden is placed on the party challenging the judgment to overcome the presumption. [Feore v. Feore, 627 So.2d 411, 413 (Ala.Civ.App. 1993)]; Greene v. Connelly, 628 So.2d 346, 351
(Ala. 1993). Furthermore, [the UEFJA] provides that `a [properly authenticated and filed foreign judgment] has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court and may be enforced or satisfied in like manner.' § 6-9-232; Greene, supra, at 350.
 "Before enforcing a foreign judgment, Alabama courts may inquire into the jurisdiction of the foreign court. `The scope of the inquiry is limited to "(1) whether the issue of jurisdiction was fully and fairly litigated by the foreign court, and (2) whether the issue of jurisdiction was finally decided by the foreign court."' Feore, supra, at 413 (quoting Alston Electric Supply Co. v. Alabama Electrical Wholesalers, Inc., 586 So.2d 10, 11
(Ala.Civ.App. 1991)). If it finds that the foreign court had jurisdiction, then it must enforce the judgment."
McGouryk v. McGouryk, 672 So.2d 1300, 1302
(Ala.Civ.App. 1995).
Amounts due under a child-support order are final judgments on the dates that the payments are due. Mollohan v. Jelley,supra. The statute of limitations found at § 6-2-32, Ala. Code 1975, provides: "Within 20 years, actions upon a judgment or decree of any court of this state, of the United States or of any state or territory of the United States must be commenced." If Filer were seeking execution of the past-due child-support payments under the 1972 child-support order, she would have to contend with the § 6-2-32 limitation on enforcement of judgments, and the statute of limitations would have commenced on the date that each payment was due. SeeMollohan, 925 So.2d at 213. Filer, however, is not seeking enforcement of the payments under the 1972 child-supportorder, rather, Filer is seeking enforcement of the1997 money judgment.
No reported Alabama cases appear to address the issue of when the 20-year period in § 6-2-32 should begin to run when a party has obtained a money judgment reducing a child-support arrearage and interest due on that arrearage to a fixed sum. However, several cases from other jurisdictions have held that, under statutes of limitations similar to Alabama's, when a party seeks enforcement of a money judgment that reduced to a fixedsum arrearages due under an earlier child-support order, the limitations period should be measured from the date the money judgment was entered. See Smith v. Baumgartner,665 N.W.2d 12, 17 (N.D. 2003); and Twaddell v.Anderson, 136 N.C.App. 56, 69, 523 S.E.2d 710, 719 (1999).
In Smith v. Baumgartner, the wife sought to enforce a June 11, 1984, money judgment that reduced to a fixed sum *Page 1000 
child-support arrearages that had accrued from August 1, 1975, until May 9, 1984. The applicable statute of limitations, like Alabama's § 6-2-32, limited the enforcement of judgments to 20 years after the date of their entry. The Supreme Court of North Dakota held that, because the wife was seeking enforcement of the June 11, 1984, money judgment and not the earlier child-support order, the 20-year period began to run on the date that the 1984 money judgment was entered, not on the dates that the payments were due under the earlier child-support order. Smith v. Baumgartner,665 N.W.2d at 17.
Similarly, in Twaddell v. Anderson, the Court of Appeals of North Carolina, applying a 10-year statute of limitations, held that "`[o]nce the amount of arrearages [due under a child-support order] is reduced to judgment, . . . that judgment is entitled to full enforcement in North Carolina for a period of ten years after its entry.'" Twaddell v.Anderson, 136 N.C.App. at 69, 523 S.E.2d at 719 (quotingSilvering v. Vito, 107 N.C.App. 270, 275,419 S.E.2d 360, 363 (1992)) (emphasis omitted).
Based on the remedies available to a party opposing domestication of a foreign judgment and the nature of the statute-of-limitations defense, we agree with the result reached in Smith v. Baumgartner and Twaddell v.Anderson. Accordingly, we conclude the 20-year limitations period provided in § 6-2-32 began to run when the 1997 money judgment was entered.
When a party seeks domestication of a valid foreign judgment under the UEFJA, the only basis to challenge domestication is that the foreign court did not have jurisdiction to enter the judgment. McGouryk, 672 So.2d at 1302. In Colorado, the statute of limitations is an affirmative defense that may be waived; the statute of limitations does not impose jurisdictional requirements on the Colorado courts. LookoutMountain Paradise Hills Homeowners' Ass'n v. ViewpointAssocs., 867 P.2d 70, 77 (Colo.Ct.App. 1993). Any statute-of-limitations defense that could have been raised as to the payments ordered under the 1972 child-support order should have been raised, if at all, in Colorado when Filer sought the entry of the 1997 money judgment. See id.
The statute-of-limitations defense is just that, a defense. We have no record of the Colorado proceedings that occurred before the entry of the 1997 money judgment. The record does not indicate whether Owings waived the statute-of-limitations defense, whether he raised it unsuccessfully, or whether he raised it successfully as to only a portion of his arrearages. Regardless of what happened during the Colorado proceedings in reference to the statute-of-limitations defense, the jurisdiction of the Colorado court was unaffected. Id.
Therefore, Owings has not demonstrated that the Colorado court lacked jurisdiction to enter the 1997 money judgment.
Filer's April 20, 2006, Alabama complaint seeking registration of the 1997 money judgment was filed well within the 20-year period that Alabama allows for enforcement of the 1997 money judgment under § 6-2-32. Accordingly, we agree with Filer that the trial court erred in denying her complaint seeking to register the 1997 money judgment.
Therefore, we reverse the judgment of the trial court and remand the case for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur. *Page 1001