PITTMAN, Judge.
These consolidated appeals arise out of a dispute between an Alabama accounting firm, Cooke, Cameron, Travis and Company, P.C. (“the accounting firm”), and a Connecticut advertising-consulting firm, *1177 Directory Assistants, Inc. (“the consulting firm”). In June 2006, the accounting firm and the consulting firm entered into a three-page written agreement pursuant to which the consulting firm agreed to help the accounting firm to “identify business factors”; to “diselos[e] information, cost saving suggestions, theories, options, and advice” to be considered by the accounting firm in contracting for its printed and online telephone-directory advertising; to assist the accounting firm with advertising design and placement; to review and verify advertising placement; and to review and verify current advertising costs and forecast future costs. The consulting firm agreed to perform those actions for three years in consideration for payment of a fee based upon cost savings inuring to the accounting firm. The contract further contained the following provisions regarding to resolution of disputes:
“The parties agree to resolve any dispute arising out of or relating to this contract through confidential binding arbitration conducted pursuant to the Federal Arbitration Act and agree to choose a mutually agreeable arbitration service, location and choice of law forum. In the event the parties are unable to agree on an arbitration service, location or choice of law forum for the arbitration, or if one party refuses to participate in choosing, the party filing the demand shall have the sole right to choose the arbitration service, the location of the arbitration and the choice of law forum and both parties hereby expressly consent to and waive any and all objections to the arbitration service, all jurisdictional issues or the choice of law forum chosen. “The arbitration will be administered under the chosen service’s most expedited commercial arbitration rules. The parties agree the total arbitrator compensation will not exceed $2,500.00 total and that each side will be limited to two witnesses. The [alternative dispute resolution] service will render an award within forty-five days of the appointment of an arbitrator. Within two weeks of a demand being filed, [the consulting firm] agrees to provide the [accounting firm] with its complete file and the [accounting firm] agrees to provide [the consulting firm] with all its advertising contracts and confirming orders for the past three years. Failure to do so will waive any objection to [the consulting firm’s] damage[s] calculation. The parties agree that if the arbitrator finds there is a contract, he/she is required to award [the consulting firm] all its attorney’s fees, all arbitration costs and all interest from the date the first book in the baseline program closes.
“The parties also agree the arbitrator will have no authority to award punitive damages, will not render any ‘middle ground’ or ‘compromise awards’ and must hold the parties to the terms of the contract. A judgment upon an arbitration award may be obtained and entered upon the award in any court in either Connecticut or the home state of the [accounting firm], at the option of the prevailing party, and both parties hereby expressly consent to and waive any objection to the jurisdiction of the court selected by the prevailing party for purposes of seeking a judgment on any arbitration award.”
The contract bears signatures of representatives of both parties that are dated June 8, 2006.
At some point after the contract was signed, representatives of the accounting firm notified one of the consulting firm’s agents that the accounting firm would need no services provided by the consulting firm because the accounting firm would no longer be advertising in commercial telephone directories in Alabama. *1178 Although the consulting firm issued an invoice to the accounting firm seeking payment for consulting services, the accounting firm refused to pay the invoice, denying that the accounting firm owed any monetary obligation to the consulting firm. The consulting firm then notified the accounting firm that the consulting firm would be initiating arbitration proceedings. In December 2007, an arbitrator held a hearing and then rendered a decision as to the parties’ dispute in which it was determined that the parties’ contract was “valid and enforceable,” that the parties’ dispute was arbitrable, and that the accounting firm was due to pay the consulting firm liquidated damages of $23,716.80 plus late fees, copying costs, and arbitration costs.
While the arbitration proceedings were taking place, the accounting firm filed a complaint in the Jefferson Circuit Court. The accounting firm sought a declaratory judgment that, among other things, determined the alleged contract between the parties to be void on the authority of Alabama’s “door-closing” statute, Ala.Code 1975, § 10-2B-15.02, which prohibits foreign corporations that fail to qualify to do business within Alabama from enforcing contracts in the state, and averred that there had been no meeting of the parties’ minds so as to cause the formation of a valid contract. The action filed by the accounting firm, which we will call the declaratory-judgment action, was assigned case no. CV-07-902773 by the trial court.
In February 2008, the consulting firm entered a limited appearance in the declaratory-judgment action and filed a motion to dismiss for lack of subject-matter jurisdiction, averring that the accounting firm’s claims were barred, the consulting firm said, because they were subject to mandatory arbitration, because they were barred or precluded by the previous arbitration decision, and because venue was allegedly improper in the Jefferson Circuit Court. The consulting firm filed a number of evidentiary exhibits in support of its motion to dismiss[1] tending to show that the parties had agreed to arbitration, that arbitration proceedings had been initiated and completed in Connecticut in which the consulting firm had been awarded $33,421.32 plus interest, and that confirmation of the arbitral award by a Connecticut trial court was expected. The accounting firm filed a response in opposition to the consulting firm’s motion to dismiss. After a hearing, the trial court entered an order on April 3, 2008, denying the motion to dismiss the declaratory-judgment action, citing the door-closing statute and concluding that “[i]f the contract is void, the right to select [a] forum for arbitration would also not be enforceable.”
On May 6, 2008, the consulting firm filed a notice of appeal to the Alabama Supreme Court from the trial court’s April 3, 2008, order; in its docketing statement, the consulting firm admitted that the order did not dispose of all claims against all parties and that the trial court had not directed the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., but the consulting firm claimed that the appeal was “taken pursuant to Rule 4(d) of the Alabama Rules of Appellate Procedure, which provides for appeals as a matter of right from an order denying a motion to compel arbitration.” On November 21, 2008, after all briefs had been filed, the Alabama Supreme Court entered an order that provided, in pertinent part:
*1179 “A copy of the record having been submitted and considered by this Court, and it appearing that the appeal may be from an order that is not appealable, the [consulting firm] is directed to provide this Court, in writing, within ten (10) days, its reasons why this appeal should not be dismissed. The [consulting firm] is specifically directed to address whether the trial court’s order dated April 3, 2008 ... is a denial of [a] motion to compel arbitration and is an appealable order pursuant to Rule 4(d), Alabama Rules of Appellate Procedure.
“The [accounting firm] may file a response within seven (7) days after the filing of the [consulting firm’s] arguments.”
The parties then filed responses to the Alabama Supreme Court’s order; however, before the Alabama Supreme Court made a ruling on the matter, it transferred the appeal to this court on the basis that it fell within this court’s jurisdiction (presumably because the aggregate amount awarded in the Connecticut arbitration proceeding did not exceed $50,000). That appeal was then assigned case no. 2080256 by this court. Although this court initially dismissed the consulting firm’s appeal for lack of jurisdiction after determining from the record and the parties’ briefs that Rule 4(d), Ala. R.App. P., did not apply to that interlocutory appeal, see Directory Assistants, Inc. v. Cooke, Cameron, Travis & Co. (No. 2080256, March 25, 2009), 46 So.3d 29 (Ala.Civ.App.2009) (table), our judgment of dismissal was itself reversed by the Alabama Supreme Court, and the cause has been remanded for further proceedings. Ex parte Directory Assistants, Inc., 49 So.3d 1172 (Ala.2009).
During the pendency of the declaratory-judgment action, the Superior Court of the Judicial District of Hartford, Connecticut, confirmed the December 2007 arbitration award and entered a judgment in favor of the consulting firm for $33,421.32 plus interest. After filing its notice of appeal in the declaratory-judgment action, the consulting firm commenced an action in the Jefferson Circuit Court to register the Connecticut judgment pursuant to the Uniform Enforcement of Foreign Judgments Act (“UEFJA”), Ala.Code 1975, § 6-9-230 et seq., filing in support thereof a certified copy of the Connecticut judgment and affidavit of its counsel verifying the validity and enforceability of, and the circumstances leading to the entry of, that Connecticut judgment. The judgment was registered on June 11, 2009, and a judgment was entered by the Jefferson Circuit Court on that judgment on that date.
On July 10, 2009, the accounting firm filed a motion to set aside the Alabama judgment entered on the registered Connecticut judgment in which it noted the pendency of the declaratory-judgment action and of the pending appeal therein and contended that the contract upon which the arbitration award and the Connecticut judgment were based was void. No affidavits or other evidentiary exhibits were filed in support of the accounting firm’s motion. In response to the accounting firm’s motion, the consulting firm filed a response positing that the accounting firm’s motion should be denied because no showing had been made that the Connecticut judgment had been entered in the absence of jurisdiction to act. The Jefferson Circuit Court denied the accounting firm’s motion to set aside that court’s judgment in the registration action on July 21, 2009, and the accounting firm appealed to this court. That appeal was assigned ease no. 2081186. On the motion of the accounting firm, case nos. 2080256 and 2081186 have been consolidated by this court, and the accounting firm has indicated that it will rely upon its arguments in its briefs filed in the appeal *1180 in the declaratory-judgment action regarding the claimed invalidity of the parties’ agreement as authority for reversal of the trial court’s judgment in the registration action.
Before we reach the merits of the appeal in case no. 2080256, which concerns whether the accounting firm stated a valid claim for a declaratory judgment with respect to the parties’ rights and obligations under their contract, we note that the consulting firm has advanced the argument, in its appellee’s brief filed in the appeal in the registration action, that the entry of a final judgment by the Connecticut court confirming the award renders moot the questions presented in the appeal in the declaratory-judgment action. We agree with the consulting firm that the Connecticut court’s entry of a judgment on the arbitration award significantly alters the parties’ litigation playing field, and we deem it prudent to address the appeal in the registration action first as an analytical matter.
As the consulting firm correctly notes, “[w]hen a party seeks domestication of a valid foreign judgment under the UEFJA, the only basis to challenge domestication is that the foreign court did not have jurisdiction to enter the judgment.” Filer v. Owings, 975 So.2d 996, 1000 (Ala.Civ.App.2007); accord Feore v. Feore, 627 So.2d 411, 413 (Ala.Civ.App.1993) (if the foreign court’s jurisdiction is “not lacking,” full faith and credit must be extended to a judgment of that court). We have held that the authentication and filing of a foreign court’s judgment with an Alabama circuit court pursuant to the UEFJA “creates a rebuttable presumption that the court rendering that judgment had jurisdiction to do so and shifts to the party challenging that judgment the burden of producing evidence to rebut the presumption.” Cambria, Inc. v. Worldwide Custom Materials, Inc., 10 So.3d 615, 617 (Ala.Civ.App.2008). Cambria further holds that when the party challenging the judgment “produce[s] no evidence to ... rebut the presumption that the [foreign] court had jurisdiction to enter [its] judgment,” there is no valid basis for an Alabama circuit court to set aside its judgment based upon the foreign registered judgment. Id.
On appeal, the accounting firm does not contest the subject-matter jurisdiction of the Connecticut superior court. Rather, the accounting firm says in its reply brief that the accounting firm executed the contract in Alabama, that its representatives never traveled to Connecticut, that it contracted for services referable only to advertising to be placed in Alabama for business to be solicited in Alabama, that it never paid moneys by mail to Connecticut, and that it never purposefully availed itself of the jurisdiction of Connecticut courts. However, the accounting firm fails to acknowledge that those contentions, like the unsworn allegations we deemed insufficient in Cambria to rebut the presumption of jurisdiction, are completely devoid of evidentiary support. To the contrary, the parties’ contract itself provides (a) that a judgment upon an arbitration award may properly be entered in any court in Connecticut or the accounting firm’s home state, at the election of the prevailing party; and (b) that all contracting parties consent to, and waive any objection to, the jurisdiction of the court selected by the prevailing party for purposes of seeking a judgment on such an arbitration award. Despite the accounting firm’s contention that sufficient contacts with Connecticut were lacking to support the exercise of personal jurisdiction by the court there, Connecticut law is clear that a contractual waiver of personal-jurisdiction objections, such as that appearing in the parties’ contract, is enforceable in Con *1181 necticut courts. See Doctor’s Assocs., Inc. v. Keating, 72 Conn.App. 310, 313-15, 805 A.2d 120, 122-23 (2002) (consent to arbitration in Connecticut amounted to consent to personal jurisdiction of Connecticut courts), aff'd on other grounds, 266 Conn. 851, 836 A.2d 412 (2003).
Having determined that the accounting firm did not meet its burden of proof as to its personal-jurisdiction challenge to the Connecticut court’s judgment entered on the arbitration award, it follows that we must conclude that the Jefferson Circuit Court properly afforded the Connecticut court’s judgment full faith and credit in refusing to set aside the registration judgment. Under Filer and Feore, the substantive merits of a foreign judgment such as the Connecticut judgment are not susceptible to reexamination by an Alabama court upon a motion to set aside the registration of the foreign judgment. Tongue, Brooks & Co. v. Walser, 410 So.2d 89, 90 (Ala.Civ.App.1982) (“Full faith and credit prohibits an inquiry into the merits of the original cause of action.”). We thus affirm the Jefferson Circuit Court’s registration judgment presented for review in case no. 2081186.
Having affirmed the registration judgment, we turn next to the question whether the trial court’s refusal to dismiss the accounting firm’s declaratory-judgment action challenging the validity of the contract (and arbitration provision) at issue remains ripe for this court’s review. An appeal is due to be dismissed as moot if an event occurring after the trial court has entered its order or judgment makes determination of the appeal unnecessary or makes the granting of effectual relief impossible. Estate of Mollett v. M & B Builders, LLC, 749 So.2d 466, 469 (Ala.Civ.App.1999). Our conclusion that the consulting firm has a valid and outstanding Alabama judgment against the accounting firm based upon the arbitration award giving rise to the Connecticut judgment prevents the Jefferson Circuit Court from granting contrary declaratory relief in the manner sought by the accounting firm in its complaint. “ ‘There must be a justicia-ble controversy between the parties where legal rights are thwarted or affected to warrant proceedings under the Declaratory Judgment statutes.’ ” Rogers v. Alabama Bd. of Educ., 392 So.2d 235, 237 (Ala.Civ.App.1980) (quoting Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963)) (emphasis added). Because the parties’ legal rights can no longer be “thwarted or affected” in light of our affirmance in case no. 2081186, we dismiss the appeal in case no. 2080256 as moot, and we likewise instruct the Jefferson Circuit Court to dismiss the accounting firm’s declaratory-judgment action as moot.
2080256 — APPEAL DISMISSED WITH INSTRUCTIONS.
2081186 — AFFIRMED.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. Evidentiary exhibits may be freely submitted in support of, or in opposition to, a motion to dismiss that challenges the trial court's subject-matter jurisdiction or venue. See, e.g., Williams v. Skysite Commc'ns Corp., 781 So.2d 241, 245 (Ala.Civ.App.2000).